177 Cal.App.4th 82 (2009)
THE PEOPLE, Plaintiff and Respondent,
v.
RAMIRO VILLALOBOS, Defendant and Appellant.
No. F056729.
Court of Appeals of California, Fifth District.
August 28, 2009.
*85 Grace Lidia Suarez, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
WISEMAN, Acting P. J.
In return for a reduced sentence, defendant Ramiro Villalobos pled no contest to charges of attempted premeditated murder and second degree robbery. At sentencing, the court imposed a $4,000 restitution fine and a $4,000 parole revocation fine. On appeal, Villalobos argues the fines violated his plea agreement. Our Supreme Court first examined the issue of fines added at sentencing to a plea bargained sentence in People v. Walker (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861] (Walker). We publish to illustrate the application of Walker in light of our Supreme Court's most recent discussion of the issue in People v. Crandell (2007) 40 Cal.4th 1301 [57 Cal.Rptr.3d 349, 156 P.3d 364] (Crandell). So far as the record discloses, fines were not a subject of the parties' bargaining in this case, and the plea agreement left the issue of fines to the court's discretion. We affirm the fines.
Villalobos also appeals the concurrent gang enhancement sentence added to his sentence for second degree robbery. Because Villalobos never admitted the truth of the enhancement allegation for that count, we reverse this part of the sentence.

PROCEDURAL AND FACTUAL HISTORIES
Villalobos was charged in a three-count information alleging attempted premeditated murder, assault with a deadly weapon, and second degree robbery. All three counts included enhancements.[1]
The charges arose out of a brutal incident involving rival street gangs. The victim was a 16-year-old admitted gang member who was cornered and attacked by four or five opposing gang members. The victim was stabbed 17 times, one wound causing a collapsed lung. The attackers also stole the *86 victim's shoes. Villalobos admitted taking part and stabbing the victim five or six times but claimed self defense.
Pursuant to a plea agreement, Villalobos pled no contest to attempted murder and second degree robbery. He also pled no contest to the street gang enhancement on the attempted murder charge. All other allegations were dismissed. Villalobos would serve 17 years in state prison. As far as the record reveals, Villalobos did not sign a written change of plea form.
At the plea hearing, the People informed the court of the agreement. The People then added, "there are obviously the advisements. This is going to be a plea regarding gang registration and restitution, [a] strike and the deportation consequences pursuant to 186.30." The court responded, "Those will definitely be all incorporated." The court asked Villalobos whether he understood the maximum prison sentence to be 15 years to life. Villalobos said he understood. The court then asked whether he agreed to a term of 17 years. Villalobos said he understood. The court advised Villalobos of other consequences of his plea, including possible immigration consequences and the possibility that the plea would establish a parole or probation violation. Villalobos said he understood each advisement. The court asked if he "under[stood] that as a result of your plea, you may be required to pay restitution." Villalobos responded, "Yes, ma'am." The court asked Villalobos, "Other than what I have told you regarding the consequences of your plea, has anyone threatened you or promised you anything today to enter into this plea." Villalobos responded, "No." Villalobos waived his constitutional rights. He was given no further advisements.
For count one (attempted murder), Villalobos was sentenced to serve the middle term of seven years, plus a consecutive term of 10 years for the street gang enhancement, for a total of 17 years. For count three (robbery), he was sentenced to serve the middle term of three years, and 10 years for the gang enhancement, for a total of 13 years to run concurrently with count one. Following the recommendation of the probation department, the court ordered Villalobos to pay a $4,000 restitution fine pursuant to Penal Code[2] section 1202.4 and a $4,000 parole revocation fine pursuant to section 1202.45; the latter was suspended. The court ordered the victim restitution to remain open pending any future medical or counseling expenses. Villalobos did not make any objections.

DISCUSSION
(1) Villalobos contends that the concurrent 10-year gang enhancement on count three should be stricken. The People concede this issue and we accept *87 the concession. A sentence enhancement is "`an additional term of imprisonment added to the base term'" and, as such, must be admitted in open court or found true by a trier of fact before a defendant can be sentenced. (Robert L. v. Superior Court (2003) 30 Cal.4th 894, 898 [135 Cal.Rptr.2d 30, 69 P.3d 951], quoting Cal. Rules of Court, former rule 4.405(c); see § 1170.1, subd. (e).) Villalobos never admitted the gang enhancement allegation of count three and a trier of fact never found the allegation true.
Villalobos also argues that the $4,000 restitution fine and the $4,000 parole revocation fine violated the plea agreement. Pursuant to Walker, supra, 54 Cal.3d 1013, he asks us to reduce both fines to the statutory minimum of $200.
(2) Section 1202.4 requires a convicted criminal to pay both a restitution fine (subd. (a)(3)(A)) and restitution to the victim (subd. (a)(3)(B)). With a felony conviction, the "restitution fine shall be set at the discretion of the court" and shall be at least $200 and not more than $10,000. (§ 1202.4, subd. (b)(1).) (3) Section 1202.45 requires a parole revocation fine "[i]n every case where a person is convicted of a crime and whose sentence includes a period of parole." This fine must be in the same amount as the restitution fine. (Ibid.)
In Walker, supra, 54 Cal.3d 1013, the trial court imposed a restitution fine after a defendant pled guilty pursuant to a plea agreement that did not mention restitution. (Id. at p. 1019.) The trial court advised Walker that he faced up to seven years in prison and a fine of up to $10,000. A "probation report prepared before the plea, and supplied to the defense, recommended a $7,000 restitution fine ...." (Ibid.) There was no other mention of the fine prior to sentencing. Walker was sentenced to five years in prison and ordered to pay a $5,000 restitution fine. At sentencing, Walker did not object to the fine. (Ibid.)
(4) Walker explained that "two related but distinct legal principles" are implicated when a defendant enters into a plea agreement and then challenges a fine imposed by the sentencing court. (Walker, supra, 54 Cal.3d at p. 1020.) First, there is a "`judicially declared rule of criminal procedure'" that, before a plea, a defendant must be advised "of the direct consequences of the plea." (Id. at pp. 1022, 1020.) This advisement is separate from and in addition to the advisement of constitutional rights. (Id. at p. 1022.) Walker held that a "possible $10,000 restitution fine constitutes such a direct consequence." (Ibid.) The trial court should have advised Walker of the minimum and maximum amounts of fines that would be imposed.[3] (54 Cal.3d at p. 1022.) *88 However, he waived the issue on appeal by failing to object to the fine before sentencing. (Id. at p. 1023.)
The second principle requires "that the parties must adhere to the terms of a plea bargain." (Walker, supra, 54 Cal.3d at p. 1020.) "The punishment may not significantly exceed that which the parties agreed upon." (Id. at p. 1024; see § 1192.5.) The court held that a restitution fine "qualifies as punishment for this purpose." (Walker, supra, at p. 1024.)
(5) An argument that a fine violated a plea agreement is forfeited when the trial court gives a section 1192.5 admonition and the defendant does not withdraw his plea or object at sentencing. (Walker, supra, 54 Cal.3d at p. 1026.) This is an admonition, given by the court before the change of plea is accepted, that the court's acceptance of the plea agreement is not binding, that the court may withdraw its approval of the agreement before sentencing, and that if it does, the defendant may withdraw the plea. Walker did not receive a section 1192.5 advisement, so his failure to object did not waive his claim that the fine violated the agreement.
Walker held that the fine violated the agreement. (Walker, supra, 54 Cal.3d at pp. 1029-1130.) As the Supreme Court later explained in In re Moser (1993) 6 Cal.4th 342, 356 [24 Cal.Rptr.2d 723, 862 P.2d 723], "the defendant in [Walker] reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed."
The Supreme Court again addressed the imposition of restitution fines in a plea bargain case in Crandell, supra, 40 Cal.4th 1301. In Crandell, the defendant and the People entered into a plea agreement only encompassing possible prison sentencing. (Id. at p. 1305.) The agreement made no mention of restitution or restitution fines. At the plea hearing, the court advised the defendant of the various consequences of his plea, including possible state prison time. The court also "warned defendant he would `have to pay a restitution fund fine of a minimum of $200, a maximum of $10,000.'" (Ibid.) The trial court further notified the defendant that it could impose a general fund fine of up to $10,000. Crandell stated he understood. After making further advisements, the court asked Crandell whether "`anyone made any promises to you other than what I promised you here today in open court?'" Crandell answered "`No, ma'am,'" and he acknowledged he was entering a plea "freely and voluntarily." (Ibid.) The trial court did not provide a section 1192.5 advisement. (40 Cal.4th at p. 1306.)
*89 Crandell was sentenced to prison in accordance with the plea agreement. (Crandell, supra, 40 Cal.4th at p. 1306.) The court ordered him to pay a $2,600 restitution fine and a $2,600 parole revocation fine. He did not object to the fines. (Ibid.)
(6) In Crandell, the only issue was whether the restitution fines violated the plea agreement. (Crandell, supra, 40 Cal.4th at p. 1308.) Expounding upon Walker, the court found "`that the core question in every case is ... whether the restitution fine was actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the court.'" (Id. at p. 1309.) If it was negotiated, imposing a fine contrary to the terms violates the agreement, and the defendant is entitled to a remedy. (Ibid.) As Walker expressed, the remedy is to reduce the fine to the statutory minimum. (Crandell, supra, at p. 1308.)
Crandell found no violation of the plea agreement. (Crandell, supra, 40 Cal.4th at p. 1309.) The record demonstrated that the parties intended to leave the issue of the fine to the discretion of the court. The trial court advised Crandell he would have to pay a restitution fund fine of a minimum of $200 and a maximum of $10,000. (Ibid.) The court also asked if the People had made "`any other promises'" beyond the prison term sentence. (Ibid.) The court distinguished Walker, where "the court advised the defendant only that the `"maximum penalties provided by law"' for his offense included `"a fine of up to $10,000"' and obtained no assurance that the parties intended their plea bargain to leave the amount of the restitution fine to the court's discretion." (Crandell, supra, at p. 1310, quoting Walker, supra, 54 Cal.3d at pp. 1018-1019.) While Walker could reasonably have understood that no substantial fine would be imposed, Crandell could not because he was told that he would pay restitution. (Crandell, supra, at p. 1310.)
With Walker and Crandell in mind, we turn to Villalobos's contentions. He argues that the court's advisement as to the consequences of his plea was insufficient. That is, the court should have admonished Villalobos of the statutory minimum $200 and maximum $10,000 restitution fine as one of the consequences of his plea. We agree (see Walker, supra, 54 Cal.3d at pp. 1020-1022), but the omission does not entitle him to a remedy, as he concedes. The claim of error was forfeited when Villalobos failed to object before sentencing.
Villalobos also contends that the imposition of the two $4,000 fines violated the plea agreement. As a remedy, he asks for a reduction of both to the statutory minimum of $200. His self-described "bottom line" argument is that, because the fines were not mentioned in the plea bargain, their imposition violated the agreement. We disagree. The important question is whether the parties actually negotiated and settled upon the issue or left it to the *90 discretion of the court. (Crandell, supra, 40 Cal.4th at p. 1309.) As we explain, the fines were left to the discretion of the court.
As a preliminary matter, it is worth pointing out that, if the trial court had given Villalobos a section 1192.5 advisement, the issue he now raises on appeal would have been waived by his failure to object. (Walker, supra, 54 Cal.3d at p. 1026.) Because there was no advisement, the issue can be raised for the first time on appeal. (Id. at p. 1025.)
Neither fine violated the bargain. Nothing in the record indicates that the parties bargained or agreed on any terms regarding fines. To the contrary, the record supports the conclusion that there was no such bargaining or agreement. Asked to state the terms of the plea, the People only mentioned the prison sentence. Neither party spoke up to clarify any portion of the agreement. Neither party claimed the People had omitted provisions of the bargain. Villalobos did not claim that the fines recommended in the probation report conflicted with the terms of the agreement. Furthermore, the court expressly asked Villalobos, "Other than what I have told you regarding the consequences of your plea, has anyone threatened you or promised you anything today to enter into this plea." Villalobos responded, "No." In addition, the court asked Villalobos if he "under[stood] that as a result of your plea, you may be required to pay restitution." Villalobos responded, "Yes, ma'am."
(7) Villalobos asserts that, because the court referred to restitution rather than restitution fines, our analysis should change. We disagree. He is correct that restitution to the victim and restitution fines are different and their imposition is governed by different standards (§ 1202.4, subds. (a)(3)(A), (B), (b), (c)), but courts are not required to give a "`detailed lecture on criminal procedure as it pertains to all the various dispositional devices available.'" (People v. Sorenson (2005) 125 Cal.App.4th 612, 621 [22 Cal.Rptr.3d 854].)
(8) This case is distinguishable from Walker. Though the plea agreement in Walker also made no mention of restitution fines, the court here provided additional advisements to Villalobos. Further, Villalobos was asked whether anyone had made any other promises concerning his plea. In Walker, there was no such advisement. While Walker reasonably could have understood the plea agreement to indicate that no fine would be imposed, Villalobos was expressly told that he may have to pay restitution. He has pointed to nothing in the record that would support a reasonable belief on his part that restitution fines were barred by the plea agreement rather than left within the trial court's discretion.
(9) Although there is no reversible error in this case on the issue of fines, the Supreme Court's guidance on this recurring problem bears repeating: *91 "Courts and the parties should take care to consider restitution fines during the plea negotiations. The court should always admonish the defendant of the statutory minimum [$200] and maximum $10,000 restitution fine as one of the consequences of any guilty plea, and should give the section 1192.5 admonition whenever required by that statute." (Walker, supra, 54 Cal.3d at p. 1030.) The Supreme Court also "encourage[d] trial courts either to require that defendants sign a written change of plea form specifying all significant elements of the plea or, when orally taking pleas, follow an informal `script' that calls upon the parties to disclose all such for the record." (Crandell, supra, 40 Cal.4th at p. 1310.) Following this advice will avoid the needless creation of appealable issues in this area.

DISPOSITION
The concurrent 10-year sentence for the enhancement on count three is reversed. The trial court is directed to prepare an amended abstract of judgment and forward it to the appropriate authorities. The judgment is affirmed in all other respects.
Dawson, J., and Hill, J., concurred.
NOTES
[1] The enhancements alleged he had personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)), used a deadly and dangerous weapon (Pen. Code, § 12022, subd. (b)(1)), and committed each offense for the benefit of a criminal street gang (Pen. Code, §§ 186.22, subd. (b)(1)(C), 186.30, subd. (a)).
[2] All subsequent statutory references are to the Penal Code.
[3] "The trial court only advised the defendant that a $10,000 fine was a possible consequence of the guilty plea. This was inadequate. The court should have advised defendant there was a possible $10,000 penalty fine and a mandatory restitution fine of between $100 and $10,000." (Walker, supra, 54 Cal.3d at p. 1029.)