Filed 8/27/13

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANTHONY CRUZ,<br><br>    Defendant and Appellant. | C069405<br><br>(Super. Ct. No. ST056863A) |


APPEAL from a judgment of the Superior Court of San Joaquin County, Franklin Stephenson, Judge.  Affirmed with directions.

Donn Ginoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.


Defendant Michael Anthony Cruz entered a negotiated plea of no contest to driving with a 0.08 percent blood-alcohol level or higher and causing injury (Veh. Code, § 23153, subd. (b)).  The trial court sentenced him to the agreed upon term of 16 months

1

in state prison. On appeal, he contends the imposition of $2,450 worth of fines must be reversed as having no statutory basis within the confines of the plea agreement.

The People initially agreed that remand was appropriate in this case because no statutory basis for the penal fine was specified in the plea agreement. However, during the pendency of this appeal, the California Supreme Court decided *People v. Villalobos* (2012) 54 Cal.4th 177 (*Villalobos*), which clarified the law relied upon by the parties in their briefs. We requested and received supplemental briefs from the parties regarding the effect of *Villalobos* on the issue presented. The People withdrew their concession that the fine should be reduced. We agree and affirm the judgment.

BACKGROUND

We dispense with a recitation of the facts underlying defendant's offense, as they are irrelevant to the disposition of this appeal.

Defendant was charged with driving under the influence and causing injury in violation of Vehicle Code section 23153, subdivision (a) (count 1), driving with a 0.08 percent blood-alcohol level or higher and causing injury in violation of Vehicle Code section 23153, subdivision (b) (count 2), driving with a suspended or revoked license in violation of Vehicle Code section 14601.2, subdivision (a) (count 3), failure to provide evidence of financial responsibility in violation of Vehicle Code section 16028, subdivision (a) (count 4), and failure to stop in violation of Vehicle Code section 22450 (count 5). It was also alleged that defendant had personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and caused bodily injury to multiple victims (Veh. Code, § 23558) in connection with counts 1 and 2.

On May 23, 2011, defendant entered into a negotiated plea agreement wherein he agreed to plead no contest to count 2 in exchange for dismissal of the remaining allegations. It was further agreed that defendant would be sentenced to the low term of 16 months in prison. Neither the plea agreement, nor the trial court's advisements prior

2

to the plea, mentioned the imposition of any fines other than a general understanding that there would be a "restitution order."

Preparation of a probation report was waived and defendant also waived his rights under *Arbuckle*.[1] Sentence was imposed by a judge other than the one who took defendant's plea. The trial court imposed the agreed upon term of 16 months in prison and awarded defendant custody credits. It then imposed "a fine in the amount of $2,744. That includes a $200 restitution fine, a $20 surcharge, a $40 court security fee, $30 administrative fee and $4 transportation fee. [¶] There's a second $200 restitution fine that'll be stayed on the condition you comply with the terms and conditions of your parole." The court clerk supplied statutory references on the abstract of judgment for all of the fines and fees expressly specified by the trial court, with the exception of the "$4 transportation fee."

DISCUSSION

I

As the parties recognize, the trial court identified the statutory basis for only $294 of the $2,744 fine, leaving an unspecified amount of $2,450. The parties also acknowledge that there is a mandatory minimum fine for defendant's offense of $390, which was not identified by the trial court as included in the stated fine.[2] (Veh. Code, §

---

[1] *People v. Arbuckle* (1978) 22 Cal.3d 749.

[2] The record reflects defendant also has a 2010 conviction for driving under the influence. Vehicle Code section 23560 provides, in pertinent part: "If a person is convicted of a violation of Section 23153 and the offense occurred within 10 years of a separate violation of Section 23103, as specified in Section 23103.5, 23152, or 23153 that resulted in a conviction, that person shall be punished by imprisonment in the state prison, or in a county jail for not less than 120 days nor more than one year, and by a fine of not less than three hundred ninety dollars ($390) nor more than five thousand dollars ($5,000)."

3

23560.)  We presume the trial court was aware of and followed the applicable law. (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.)  The logical conclusion to be drawn here is that the trial court intended the $2,450 to be the mandatory Vehicle Code section 23560 penal fine.

Relying on *People v. Walker* (1991) 54 Cal.3d 1013, 1026-1030 (*Walker*), the parties initially agreed that, because neither the plea agreement nor the court's advisement set forth an understanding that the trial court may impose a fine in an amount in its discretion beyond the statutory minimum, a fine in excess of the $390 minimum would be a significant deviation from the terms of the plea agreement.[3]

However, the California Supreme Court has since decided *Villalobos*, "clarif[ying] the default rule when neither the parties nor the trial court mentions restitution fines in the context of a plea bargain." (*Villalobos*, *supra*, 54 Cal.4th at p. 186.)  The court explained that reading *Walker* to suggest that mere silence concerning a statutorily mandated punishment indicates a defendant could reasonably understand that no substantial fine would be imposed cannot be reconciled with subsequent California Supreme Court cases. (*Villalobos, supra,* at p. 183.)  As explained in *People v. Crandell* (2007) 40 Cal.4th 1301, " ' "the core question in every case . . . is whether the restitution fine was actually negotiated and made a part of the plea agreement, or whether it was left

---

In his brief, defendant erroneously states that the current conviction is his first driving under the influence conviction and cites to Vehicle Code section 23554 as the provision providing for the penal fine.  That provision provides for a fine of "not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000)" if the conviction is a first offense for driving under the influence.

[3]     Defendant did not object to the imposition of the fine as exceeding the terms of his plea agreement at sentencing.  However, the trial court did not admonish defendant in accordance with Penal Code section 1192.5, informing him of the right to withdraw a disapproved plea.  Accordingly, he has not forfeited his objection to a punishment exceeding the terms of the plea agreement. (*Walker*, *supra*, 54 Cal.3d at pp. 1024-1026, 1030.)

4

to the discretion of the court . . . .” ’ [Citations.]” (*Villalobos*, *supra*, at p. 185, quoting *People v. Crandell*, *supra*, 40 Cal.4th at p. 1309.)

Thus, “where the parties have not mentioned the amount of the fine during the plea negotiation, and where the trial court has not threatened or promised any particular amount of fine during the plea colloquy, the amount of the fine is not part of the plea agreement, and the trial court is free to impose a fine within the statutory range. Absent an expressly negotiated term in the plea bargain concerning the fine, [there is] no basis to conclude that imposition of a fine within the statutory range constitutes more punishment than what the defendant bargained for.” (*Villalobos*, *supra*, 54 Cal.4th at p. 184.)

Of course, although *Villalobos* addressed a mandatory restitution fine, the rule applies equally to mandatory penal fines. Defendant contends the rule set forth in *Villalobos* should not be applied retroactively to him because it established a new rule of law, in conflict with what had been the previous existing law upon which he was entitled to rely. (See *People v. Guerra* (1984) 37 Cal.3d 385, 399-401.)

On the contrary, *Villalobos* expressly stated it was *clarifying* the default rule that, as the court explained, was being misapplied based on lack of clarity in the *Walker* decision, and was consistently applying the proper analysis as set forth in its subsequent cases. (*Villalobos*, *supra*, 54 Cal.4th at pp. 183-186; see *People v. Crandell*, *supra*, 40 Cal.4th 1301; *People v. McClellan* (1993) 6 Cal.4th 367.) In fact, *Villalobos* affirmed the judgment of the Court of Appeal, which had relied upon existing law -- specifically, *People v. Crandell*, *supra*, 40 Cal.4th 1301. (*Villalobos*, *supra*, at p. 180.) Thus, the rule in *Villalobos* is appropriately applied retroactively to defendant as, indeed, the California Supreme Court applied it retroactively to defendant Villalobos.

In sum, because the amount of the penal fine was neither made a part of defendant’s plea agreement nor otherwise specified in the plea colloquy, it was left to the trial court’s discretion. (See *Villalobos*, *supra*, 54 Cal.4th at pp. 181, 184-185.) The

5

record reflects the trial court imposed a $2,450 penal fine. No modification of the judgment is warranted.

## II

Defendant also complains that the abstract of judgment does not delineate the statutory basis for the $4 transportation fee. This omission, he contends, requires the $4 fee be stricken.

The trial court expressly imposed a "$4 transportation fee." The abstract describes the fee as a "$4 MED. AIR TRANSP. FEE." Government Code section 76000.10 requires the trial court to impose a mandatory $4 fee as part of the "Emergency Medical Air Transportation Act" for every conviction for violation of the Vehicle Code, with the exception of parking offenses. (Gov. Code, § 76000.10, subd. (c)(1).)

Although this fee was sufficiently identified by the trial court upon imposition of sentence, the statutory basis for the fee must be set forth on the abstract of judgment. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) Additionally, the abstract should set forth the statutory basis for the $2,450 penal fine discussed in the previous section. Accordingly, we will direct the trial court to prepare a corrected abstract of judgment.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment setting forth Government Code section 76000.10 as the statutory basis for the $4 transportation fee, and Vehicle Code section 23560 as the statutory basis for the $2,450 penal fine, and forward a certified copy thereof to the Department of Corrections and Rehabilitation.

                                        _____NICHOLSON\_\_\_\_, J.

We concur:

_____RAYE_____, P. J.

_____DUARTE\_\_\_\_\_, J.

6