Filed 4/3/14  P. v. Brooks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071749 |
| v. | (Super. Ct. No. 12F02328) |
| DEVANTE MONYETT BROOKS, | |
| Defendant and Appellant. | |

Defendant Devante Monyett Brooks pled no contest to attempted first degree burglary (Pen. Code, §§ 664/459, 460, subd. (a))[1] in exchange for a promise of probation with a one-year county jail commitment.  In accordance with the agreement, the trial court granted defendant formal probation for a period of five years.  As a condition of probation, defendant was ordered to serve one year in the county jail.  The trial court also imposed "the conditions set forth by the probation department," which defendant claims included an order to pay $46 per month as probation supervision costs.  The trial court

---

[1]     Undesignated statutory references are to the Penal Code.

1

then "waive[d] the booking and classification fees based on inability to pay" and imposed other orders.

On appeal, defendant contends: (1) the matter must be remanded for a proper determination of his ability to pay $46 per month as probation supervision costs; and (2) assuming this contention has been forfeited by defense counsel's failure to object to the order to pay such costs, counsel provided constitutionally deficient assistance. We directed the parties to address in supplemental letter briefs whether the trial court was authorized to order defendant to pay the costs of urine testing in this case. We now conclude a proper reading of the record reveals the trial court did not order defendant to pay $46 per month as probation supervision costs. Nor did the trial court order defendant to pay $25 per test for urine testing. We therefore affirm the judgment (order granting probation), but direct the clerk of the superior court to correct the minute order and order of probation (minute order).

## BACKGROUND

The facts of the offense are not relevant to the issues raised on appeal. Suffice it to say defendant and another man, codefendant Melvin Anderson, attempted to enter the inhabited dwelling of the victim with the intent to commit larceny once inside the residence.

As mentioned, defendant pled no contest to attempted first degree burglary in exchange for a promise of probation with a one-year county jail commitment. Defendant was sentenced immediately after entering his plea. Pursuant to the plea agreement, the trial court granted defendant formal probation for a period of five years. As a condition of probation, defendant was ordered to serve one year in the county jail. The trial court also imposed "the conditions set forth by the probation department." The probation report listed seven conditions under the heading, "Specific Conditions of Probation" and seven conditions under the heading, "General Conditions of Probation."

2

The specific conditions were the following:

"1.  Defendant serve a maximum period of incarceration;

"2.  Defendant submit his/her person, property and automobile and any object under defendant's control to search and seizure in or out of the presence of the defendant, by any law enforcement officer and/or probation officer, at any time of the day or night, with or without his/her consent, with or without a warrant. Defendant being advised of his/her constitutional rights in this regard, and having accepted probation, is deemed to have waived same;

"3.  Defendant have no contact whatsoever with the victim . . . without the prior approval of the probation officer;

"4.  Defendant make restitution to the victim . . . in an amount to be determined. Pursuant to Section 1202.4(f)(11), if the defendant has an unpaid balance on a restitution order or fine, the defendant shall prepare and file a new updated financial disclosure form (CR-115) with the Court no later than 90 days prior to his/her scheduled release from probation or completion of a conditional sentence;

"5.  Defendant pay restitution plus interest if the restitution amount is fifty dollars ($50.00) or more, with ten percent (10%) per annum interest accruing as to each installment on the date the installment becomes due pursuant to . . . Section 1214.5(b)(2);

"6.  Any balance on restitution due to the victim at the termination of probation may be collected pursuant to . . . Section 1203(j);

"7.  The Defendant not knowingly own, purchase, receive or have in his[/her] possession or under his/her custody or control, any firearm, ammunition or reloading ammunition. Condition as mandated in [sections] 12021(a)(1) and 12316(b)(1)."

The general conditions were the following:

"1.  Obey all laws applicable to you.

"2.  Seek and/or maintain regular and steady employment or be enrolled in an educational or vocational program approved by the probation officer having your

3

supervision; not voluntarily change employment without providing prior notification to your probation officer; and if your employment is terminated, either temporarily or permanently, for any cause whatsoever, you are to notify your probation officer within 48 hours.

"3.     You may not leave the State of California, at any time, without first securing permission from your probation officer and completing the appropriate procedures to do so.  You are not to remain away from your regular residence for more than 48 hours without first having secured permission from your probation officer.  You are to immediately notify your probation officer of any intended change of address and the reasons therefore.

"4.     You are to follow in all respects any reasonable instructions given to you by the probation officer having your supervision.

"5.     You are to report in person to the Division of Adult Probation at such times and dates as the probation officer having your supervision may direct.  (If for any reason beyond your control you are unable to report on your assigned date and time, you shall communicate this fact to the Division of Adult Probation on or before the assigned date.)

"6.     You shall allow probation officers to visit your home and place of employment at reasonable times.

"7.     Inform Probation Officer of dogs and other pets with potential to cause harm in the residence/notify of changes within 24 hours."

On the next page, the probation report set forth the following five paragraphs under no heading:

"It is recommended that the defendants who are granted formal probation be ordered to report to the Probation Department, in person, within 48 hours from being released from Court or custody.

"If there is reimbursable cost to the County in the disposition of this case for appointed counsel, presentence investigation, *probation supervision* or incarceration, *it is*

4

*recommended the defendant be ordered to report* [*to*] *the Department of Revenue Recovery for a financial evaluation and recommendation of ability to pay said costs.*

"*Cost of monthly probation supervision is $46.00 and urinalysis testing is $25.00 per test.*

"Defendant pay a mandatory court operations assessment fee, per conviction, pursuant to . . . Section 1465.8(a)(1) in the amount of $40.00 ($40.00 X 1 conviction), payable through the Court's installment process.

"Defendant pay a Court facility fee, per conviction, pursuant to Section 70373 of the Government Code in the amount of $30.00 ($30.00 X 1 conviction), payable through the Court's installment process."  (Italics added.)

Finally, under the heading "Fines and Fees," the probation report set forth the following:

"1.     Defendant pay a restitution fine pursuant to . . . Section 1202.4 in the amount of $240.00, payable through the Court's installment process;

"2.     Defendant pay through the Court's installment process the amount determined and report to the Department of Revenue Recovery within [five] (5) days of sentencing or within five (5) days of release from custody for an evaluation and recommendation of ability to pay and for development of a payment schedule for Court-ordered costs, fees, fines and restitution;

"3.     Defendant pay a fine of $10.00 ($10.00 x 1 cases) for crime prevention programs pursuant to Section 1202.5 . . . , payable through the Court's installment process;

"4.     Defendant pay a $340.01 main jail booking fee pursuant to Section 29550.2 of the Government Code, payable through the Court's installment process;

"5.     Defendant pay a $62.09 main jail classification fee pursuant to Section 29550.2 of the Government Code, payable through the Court's installment process;

"6.     Pursuant to . . . Section 1202.44, the Court is imposing and staying an additional restitution fine in the same amount as that just imposed under . . . Section 1202.4(b).  The stay will lift automatically upon revocation of probation."

During the oral pronouncement of judgment, the trial court "waive[d] the booking and classification fees based on inability to pay" and imposed the following orders:  "The defendant's ordered to provide a DNA sample and fingerprints pursuant to [section 296, subdivision (a)].  [¶]  He's prohibited from owning or possessing a firearm or ammunition for the rest of his life.  [¶]  He is to report to the Sacramento County probation department within 48 hours of his release from custody.  [¶]  He's to have no contact and make restitution in an amount to be determined to -- both jointly and severally with the codefendant to [the victim]."  The trial court then asked defendant whether he accepted the terms and conditions of probation as ordered.  Defendant responded:  "Yes, sir." Defense counsel did not object to any aspect of the proceedings.

With regard to the costs of probation supervision and urine testing, the minute order states:

"Defendant shall report to the Department of Revenue Recovery for a financial evaluation and recommendation of ability to pay costs for and in the amount of $46.00 per month for probation supervision.  This is a court ordered fee not a condition of probation.

"Pay $25.00 urinalysis testing fee through [the department of revenue recovery]."

DISCUSSION

I

*Probation Supervision Costs*

Defendant contends the matter must be remanded for a determination of his ability to pay the costs of probation supervision in the amount of $46 per month.  He further argues that, assuming this contention has been forfeited by defense counsel's failure to object to the order to pay such costs, counsel provided constitutionally deficient

6

assistance. We conclude each of these arguments is based on a faulty premise, i.e., that the trial court in fact ordered defendant to pay $46 per month as costs of probation supervision.

Defendant's assertion he was ordered to pay $46 per month as probation supervision costs is based on the fact the trial court imposed "the conditions set forth by the probation department." The probation report contained, on the page following the numbered specific and general probation conditions, five unnumbered paragraphs, the third of which stated: "Cost of monthly probation supervision is $46.00 and urinalysis testing is $25.00 per test."

We cannot conclude this paragraph is one of the "conditions set forth by the probation department" imposed by the trial court. First, an order to pay the costs of probation supervision may not be imposed as a condition of probation. (*People v. Washington* (2002) 100 Cal.App.4th 590, 592-593.) "We presume the trial court was aware of and followed the applicable law." (*People v. Cruz* (2013) 219 Cal.App.4th 61, 64.) Second, unlike the numbered probation conditions, which direct defendant to do or refrain from doing various things, the first two unnumbered paragraphs are phrased as recommendations to the trial court. Indeed, the second unnumbered paragraph recommends that the trial court order defendant to "*report* [*to*] *the Department of Revenue Recovery for a financial evaluation and recommendation of ability to pay*," among other costs, the costs of "*probation supervision*." (Italics added.) Immediately following this recommendation, the third unnumbered paragraph states: "*Cost of monthly probation supervision is $46.00 and urinalysis testing is $25.00 per test*." (Italics added.) This sentence simply states the maximum reimbursable costs for these two items. Read together, these unnumbered paragraphs recommend that the trial court order defendant to report to the Department of revenue recovery for a financial evaluation and

7

recommendation regarding his ability to pay $46 per month for probation supervision and $25 per test for urine testing.**2**

Having concluded the second and third unnumbered paragraphs should be read together, and they were not part of the probation conditions imposed by reference in the trial court's oral pronouncement, we must determine whether they were imposed at all. In this regard, we note there is a discrepancy between the oral pronouncement and the probation order. The probation order states: "Defendant shall report to the Department of Revenue Recovery for a financial evaluation and recommendation of ability to pay costs for and in the amount of $46.00 per month for probation supervision. This is a court ordered fee not a condition of probation." This order mirrors the language contained in the second and third unnumbered paragraphs discussed above, and confirms our conclusion the trial court did not condition defendant's grant of probation on the payment of probation supervision costs. Rather, assuming defendant is found to have an ability to pay $46 per month for probation supervision, this amount would be imposed as a court ordered fee. However, in the oral pronouncement, the trial court did not order defendant to report to the department of revenue recovery for a financial evaluation and recommendation of ability to pay.

The general rule is that where the oral pronouncement conflicts with the clerk's minute order, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) This is particularly true where the trial court imposes judgment and sentence in a felony case since, with certain exceptions, " 'judgment and sentence in felony cases may be imposed only in the presence of the accused.' " (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386-387, quoting *In re Levi* (1952) 39 Cal.2d 41, 45; see also § 1193, subd. (a).) However, "[p]robation is neither 'punishment' (see § 15) nor a criminal

---

**2**     The fourth and fifth unnumbered paragraphs order defendant to pay mandatory fees and should properly have been placed under the heading: "Fees and Fines."

'judgment' (see § 1445). Instead, courts deem probation an act of clemency in lieu of punishment." (*People v. Howard* (1997) 16 Cal.4th 1081, 1092.) "[A] grant of probation is not part of the judgment that creates vested rights; the court has the authority to revoke, modify or change its order." (*People v. Thrash* (1978) 80 Cal.App.3d 898, 900-901.) "The fact a person is granted probation, rather than a pardon, gives rise to the implication there are conditions. These conditions need not be spelled out in great detail in court as long as the defendant knows what they are; to require recital in court is unnecessary in view of the fact the probation conditions are spelled out in detail on the probation order and the probationer has a probation officer who can explain to him [or her] the contents of the order." (*Id*. at pp. 901-902.)

Here, as mentioned, the probation report recommended that the trial court order defendant to report to the department of revenue recovery for a financial evaluation and recommendation regarding his ability to pay probation supervision costs. In the probation order, the trial court ordered defendant to do so. Defendant does not claim on appeal he was unaware such an order was recommended and would likely be imposed. Indeed, defendant's entire argument on appeal is based on the fact an ability-to-pay determination must be made before probation supervision costs may be imposed under section 1203.1b.[3] In these circumstances, we have no trouble concluding defendant was aware of the order.

---

**3** Section 1203.1b, subdivision (a), provides in relevant part: "In any case in which a defendant is . . . granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision . . . . The reasonable cost of these services and of probation supervision . . . shall not exceed the amount determined to be the actual average cost thereof. . . . The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the

9

We also note the trial court did orally impose the order recommended in the first unnumbered paragraph following the numbered probation conditions, i.e., that defendant report to the probation department within 48 hours of his release from custody. In accordance with these orders, and pursuant to section 1203.1b, within 48 hours of his release from custody, defendant shall appear before the probation officer, who will "inform" defendant he "is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of . . . defendant's ability to pay and the payment amount." (§ 1203.1b, subd. (a).) Defendant will also report to the department of revenue recovery for "a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision . . . . The reasonable cost . . . of probation supervision . . . shall not exceed the amount determined to be the actual average cost thereof." (*Ibid*.) The department of revenue recovery "shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay." (*Ibid*.) Finally, unless defendant waives his right to an ability-to-pay hearing before the court, the probation officer will "refer the matter to the court for the scheduling of a hearing" to determine the amount of payment and the manner in which the payments shall be made. (*Id*., subd. (b).)

---

payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." Subdivision (b) of this provision states that "[w]hen the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative." (§ 1203.1b, subd. (b).)

Based on this record, we conclude defendant was not ordered to pay $46 per month as probation supervision costs; he was instead ordered to report to the department of revenue recovery for a determination of his ability to pay and the payment amount, the maximum amount being $46 per month.  (See § 1203.1b, subd. (a).)

## II

### *Urine Testing Costs*

As previously mentioned, we directed the parties to address in supplemental letter briefs whether the trial court was authorized to order defendant to pay the costs of urine testing in this case.  We do not need to reach this issue because we conclude the trial court did not order defendant to pay $25 per test for urine testing.

Urine testing conditions of probation may be imposed under section 1203.1, subdivision (j).  (See *People v. Balestra* (1999) 76 Cal.App.4th 57, 68-69; *People v. Beal* (1997) 60 Cal.App.4th 84, 86-87.)  However, an order to pay the costs of such testing under section 1203.1b requires a determination of defendant's ability to pay.  (See *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321.)  In part I above, we concluded the trial court deferred the ability-to-pay determination until after defendant's release from custody, whereupon he shall report to the department of revenue recovery for the necessary financial evaluation.

Nevertheless, the probation order states:  "Pay $25.00 urinalysis testing fee through [the department of revenue recovery]."  Such costs were not imposed during the oral pronouncement.  Nor does the probation report contain a recommendation that urine testing costs be imposed prior to the department of revenue recovery's evaluation and recommendation regarding defendant's ability to pay.  In these circumstances, where defendant was not informed during the oral pronouncement that he would be required to pay $25 for urine testing regardless of his ability to pay, and where such an order conflicts with the recommendation found in the probation report, we conclude the general rule that the oral pronouncement prevails over the clerk's minute order should be

11

followed.  (See *People v. Farell*, *supra*, 28 Cal.4th at p. 384, fn. 2.)  We therefore direct the clerk of the superior court to correct the probation order to delete the order to "[p]ay $25 urinalysis testing fee through [the department of revenue recovery]."

## DISPOSITION

The judgment (order granting probation) is affirmed.  The clerk of the superior court is directed to correct the minute order and order of probation to delete the order to "[p]ay $25 urinalysis testing fee through [the department of revenue recovery]."


                                                          HOCH        , J.



We concur:


        BLEASE        , Acting P. J.


        MURRAY        , J.