Filed 4/8/14  P. v. Eberhardt CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY BRADY EBERHARDT,<br><br>Defendant and Appellant. | F067358<br><br>(Super. Ct. No. F12909074)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jon Kapetan, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Cornell, J., and Kane, J.

# INTRODUCTION

On November 7, 2012, a felony complaint was filed alleging that appellant, Larry Brady Eberhardt, committed a petty theft with a prior qualifying conviction to make the offense a felony in violation of Penal Code section 666.[1] The complaint alleged a prior serious felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and three prior prison term enhancements. On February 25, 2013, the parties entered into a plea agreement.

Appellant initialed and executed a felony advisement of rights, waiver and plea form acknowledging the terms of the plea agreement, the consequences of his plea, and waiving his constitutional rights pursuant to *Boykin/Tahl*.[2] Under the agreement, appellant would admit the allegation and the prior serious felony conviction, receive a sentence of two years, doubled to four years pursuant to the three strikes law, and the remaining enhancements would be dismissed. The advisement form notified appellant that he could be "fined up to $10,000 and ordered to pay restitution in the minimum amount of $200, and up to $10,000."

The trial court established that appellant initialed and executed the plea form, had time to talk to his counsel, and agreed to the sentence of four years. Appellant indicated he understood everything set forth in the plea form. Appellant pled guilty to violating section 666 and admitted the prior serious felony conviction.

The probation officer's report recommended a restitution fine of $1,680 pursuant to section 1202.4, subdivision (b),[3] a courtroom security fee of $40, an assessment fee of $30, and a fee of $296 for preparation of the probation report pursuant to section 1203.1b.

---

[1] All statutory references are to the Penal Code.

[2] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

[3] The probation officer's report also sought a fee contingent on appellant's future, potential revocation of probation pursuant to section 1202.45.

At the sentencing hearing on March 25, 2013, the trial court sentenced appellant according to the terms of the plea agreement to a term of two years, doubled to four years pursuant to the three strikes law.

The court imposed a restitution fine of $1,120, a stayed fine of $1,120 if appellant violates parole in the future, a security fee of $40, and an assessment fee of $30. The court further ordered appellant "to pay for the presentence report." All of these orders were reflected in the abstract of judgment, except for the $296 fee for preparation of the probation report. Appellant contends the fee for preparation of the probation report violates the plea agreement because it was not a term of the plea agreement and should be stricken.[4]

**IMPOSITION OF FEE FOR PREPARATION OF PROBATION REPORT**

Appellant contends the $296 fee for preparation of the probation report, also referred to as the presentence report, was not a term of his plea agreement and the trial court failed to notify him that this was a consequence of his plea. Respondent replies that imposition of the fee was mandatory under section 1203.1b. We find that the fee for preparation of the probation report was mandatory under section 1203.1b and also, that although not referenced specifically by the trial court in its advisement to appellant, appellant received adequate notice of the consequences of his plea from the plea form.

In *People v. Villalobos* (2012) 54 Cal.4th 177, 180-186 (*Villalobos*), the California Supreme Court found the imposition of a $4,000 restitution fine that was not included in the terms of the plea agreement did not violate the terms of the plea agreement. Where neither the parties nor the trial court specify the amount of the fine in the context of the plea bargain, imposition of the fine is mandatory under section 1202.4, subdivision (b)(1)

---

**4**     Because the facts of appellant's offense are not relevant to the issue he raises on appeal, we do not recount them here.

3

and there is no violation of the plea agreement. (*Villalobos, supra,* 54 Cal.4th at pp. 185-186.) Appellant attempts to distinguish *Villalobos* arguing that the fine under section 1203.1b is discretionary, not mandatory. We disagree.

Section 1203.1b sets forth a hearing process for the determination of a defendant's ability to pay the fee. Once it is determined that the defendant has the ability to pay the fee, however, the trial court is mandated to impose it.[5] We find the fee for preparation of

---

[5] In relevant part, section 1203.1b provides: "(a) In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant to Section 1203.7, of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203, and of processing a jurisdictional transfer pursuant to Section 1203.9 or of processing a request for interstate compact supervision pursuant to Sections 11175 to 11179, inclusive, whichever applies. The reasonable cost of these services and of probation supervision or a conditional sentence shall not exceed the amount determined to be the actual average cost thereof. A payment schedule for the reimbursement of the costs of preplea or presentence investigations based on income shall be developed by the probation department of each county and approved by the presiding judge of the superior court. The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver.

"(b) When the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to

4

the probation officer's report to be analogous to the imposition of a restitution fee and find the holding of *Villalobos* applicable to the case at bar.[6] (See *People v. Cruz* (2013) 219 Cal.App.4th 61, 64-66 [applying holding in *Villalobos* to imposition of fines of $2,450 not otherwise specified in the plea agreement].) We therefore reject appellant's claim that the imposition of the fee for preparation of the probation report violates the plea agreement.

We further find that the plea form specifically advised appellant that he could be "fined up to $10,000 and ordered to pay restitution in the minimum amount of $200, and up to $10,000." The first clause of this statement would be redundant if it referred to the remainder of the sentence, which appears to be focused only on *restitution*. The first clause of the sentence refers to fines other than restitution fines that can be imposed in an amount up to $10,000. The sum of all fines imposed here, including the restitution fine, totaled $1,486. This is well under $10,000. Although it would have been better practice for the trial court and the plea form used by the superior court to advise appellant of all possible fines and fees, the failure to do so here did not deprive appellant of fair notice that he faced fines other than the restitution fine.

Finally, we note that the abstract of judgment does not set forth the presentence report fee, or that it is in the amount of $296. This appears to be a clerical error that can be corrected at any time, including on appeal. (*People v. Mitchell* (2001) 26 Cal.4th 181,

determine the amount of payment and the manner in which the payments shall be made. The court *shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs* based on the report of the probation officer, or his or her authorized representative." (Italics added.)

[6] We further note that appellant was given notice of the $296 fine in the probation report and the trial court announced it was imposing the fine during the sentencing hearing. Appellant lodged no objection to the imposition of the fine and we therefore find that he waived any objection to the fine based on his ability, or inability, to pay it. (See *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072, 1077.)

185; *In re Candelario* (1970) 3 Cal.3d 702, 705.)  We will remand for the trial court to correct the abstract of judgment.

## DISPOSITION

The case is remanded to the trial court to amend the abstract of judgment to reflect that a presentence report fee of $296 was imposed on appellant and to forward it to the appropriate authorities.  The judgment is affirmed.