Filed 10/21/14  P. v. Perez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073457 |
| v. | (Super. Ct. No. 12F05445) |
| MARTIN RENEE PEREZ, | |
| Defendant and Appellant. | |

A jury found defendant Martin Renee Perez guilty of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a))[1] and driving with a blood alcohol content of 0.08 percent or more (§ 23152, subd. (b)).  The trial court sentenced defendant to serve a prison term and imposed various fines and fees.

As relevant to this appeal, the trial court ordered defendant to pay "a fine.  The amount is $390," a "[$]331.98 main jail booking fee, [and] a main jail classification fee of [$]60.18."

---

[1]     Undesignated statutory references are to the Vehicle Code.

1

On appeal, defendant contends the trial court erred in failing to properly identify the amount and authority for each of the fines and fees imposed, and asks us to remand the matter for the trial court to do so. The People respond that the court did not err because "it is patently obvious" that $390 represents the mandatory penal fine associated with defendant's conviction for felony driving under the influence allowed by section 23152, subdivision (a), and the "main jail booking fee" and "main jail classification fee" require no additional description. (See *People v. Cruz* (2013) 219 Cal.App.4th 61, 66 [court's reference to "$4 transportation fee" deemed "sufficient"].)

The parties agree, however, the abstract of judgment must adequately reflect the amount and statutory basis for each fine or fee. (*People v. High* (2004) 119 Cal.App.4th 1192.) Here, the abstract of judgment must be corrected to add the two fees orally imposed but omitted from the abstract and add the statutory bases for all three fines and fees: Vehicle Code section 23550.5, subdivision (a), for the $390 fine; Government Code section 29550.2, subdivision (a), for the $331.98 main jail booking fee; and Government Code section 29550.2, subdivision (c)(7), for the $60.18 main jail classification fee.

We direct correction of the abstract of judgment to identify the statutory bases for the penal fine, the main jail booking fee, and the main jail classification fee. In addition, the latter two fees must be added to the abstract of judgment, as they are not currently reflected there. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)

### DISPOSITION

The trial court is directed to correct the abstract of judgment by identifying Vehicle Code section 23550.5, subdivision (a), as the statutory basis for imposing the $390 fine and add to the abstract of judgment the $331.98 main jail booking fee, and the $60.18 main jail classification fee, together with the statutory authority underlying each one. The judgment is affirmed. The trial court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                HOCH          , J.


We concur:



        BUTZ          , Acting P. J.



        DUARTE      , J.