Filed 7/31/25  P. v. Diaz-Rondan CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISRAEL DIAZ-RONDAN,<br><br>    Defendant and Appellant. | A171102<br><br>(Contra Costa County<br>Super. Ct. No. 01-23-00482) |

Defendant Israel Diaz-Rondan appeals from his conviction of five counts of first degree residential burglary and one count of grand theft firearm.  He pled no contest to these charges following the trial court's denial of his motion to suppress under Penal Code[1] section 1538.5.  His counsel has filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, in which no issues are raised, and asks this court for an independent review of the record.

After reviewing the record, we requested briefing from the parties as to whether the trial court correctly calculated the assessments required to be imposed under section 1465.8 and Government Code section 70373.  Having reviewed the parties' briefing, we modify the judgment to impose the correct amounts for the mandatory assessments and direct the trial court to amend

---

[1] Undesignated statutory references are to the Penal Code.

1

the abstract of judgment to reflect those modifications and to correct a clerical error.  In all other respects, we affirm.

## I.  BACKGROUND

After a series of residential burglaries occurred over the span of two nights in neighboring cities, Detective Denny Cai obtained and executed a search warrant for an address registered to Diaz-Rondan's sister, a Mercedes-Benz sedan registered to Diaz-Rodan's alleged accomplice, Vidal Torres, and records for what was believed to be Diaz-Rondan's phone number.  The affidavit submitted by Detective Cai in support of the warrant stated, among other things, that a neighbor reported seeing a black or gray Mercedes-Benz sedan leaving the area of one of the burglaries that occurred on the first night.  On the second night of burglaries, officers located a black Mercedes-Benz with a stolen license plate nearby, but the vehicle sped off.  Cameras with automated license plate readers captured the Mercedes-Benz near one of the burglarized homes shortly before the burglary.  Surveillance video showed a vehicle that Detective Cai recognized as a black Mercedes-Benz sedan with black wheels, a "Panoramic roof," and dark-tinted rear windows.

According to the affidavit, an officer from the San Mateo County Sheriff's Office informed Detective Cai that the suspect vehicle for a residential burglary from a few months earlier was a black Mercedes-Benz.  A witness had described the vehicle as a two-door model with tinted rear windows.  Using "FLOCK," a database containing information collected by cameras with automated license plate readers, the detective found one black Mercedes-Benz sedan near the place and time of the burglary.  The vehicle's license plate was recently stolen, and another search in FLOCK showed a black Mercedes-Benz sedan near the time and place of the license plate theft.  That vehicle's license plate number was registered to Torres.  Torres's vehicle

2

was similar to the vehicle seen in the surveillance video for the current burglaries. A Google search for Torres revealed a news article from 2015 stating that Torres and Diaz-Rondan were arrested for a residential burglary.

Detective Cai noted in his affidavit that the phone number Torres provided when purchasing the Mercedes-Benz was registered to Diaz-Rondan, and Diaz-Rondan's probation officer had recently called Diaz-Rondan using that number. The cellphone records for the number placed the phone at the scene of the San Mateo County burglary. Additionally, Torres's Mercedes-Benz was found at an address registered to Diaz-Rondan's sister. A reverse search on Torres and Diaz-Rondan resulted in that same address. Diaz-Rondan had provided a different address to his probation officer, which, based on Detective Cai's experience and training, indicated that Diaz-Rondan may be using his sister's address to conceal stolen items.

Upon executing the search warrant, officers found, among other things, a cellphone associated with the phone number covered by the warrant. The cellphone was discovered in Diaz-Rondan's bedroom. Records for the phone number showed that the cellphone was on and "pinging" near the place and time of many of the burglaries.

Diaz-Rondan was charged with 12 counts of first degree residential burglary (§ 459; counts 1–5, 8, 17–22); 10 counts of grand theft firearm (§ 487, subd. (d)(2); counts 6–7, 9–16); and two counts of felon in possession of a firearm (§ 29800, subd. (a)(1); counts 23–24). The information alleged that Diaz-Rondan had previously been convicted of a serious felony.

Diaz-Rondan filed a motion to quash and traverse the search warrant, alleging that Detective Cai relied on stale information in his affidavit, and that the affidavit did not provide probable cause for the proposed search. He further argued that Detective Cai misrepresented the "subscriber

3

information" for the phone number covered by the warrant and "misdescribe[d]" the suspect vehicle for some of the burglaries.

After the trial court denied his motion, Diaz-Rondan pled no contest to counts 1, 3, 7, 17, 19, and 20, and he admitted that he was previously convicted of a felony strike (§§ 667, subds. (d), (e), 1170.12, subd. (b)) and that he had been convicted of offenses that were numerous and of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)). The remaining counts were dismissed.

The trial court sentenced Diaz-Rondan to an aggregate term of 16 years in prison. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation fine (§ 1202.45), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).

## II. DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Diaz-Rondan was advised by counsel of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days elapsed and we received no response from Diaz-Rondan.

Subsequently, we directed the parties to file supplemental briefs regarding whether the trial court correctly calculated the criminal conviction and court operations assessments under Government Code section 70373 and section 1465.8. Imposition of a $30 criminal conviction assessment and a $40 court operations assessment was required for each of the counts of which Diaz-Rondan was convicted. (§ 1465.8, subd. (a); Gov. Code, § 70373, subd. (a); *People v. Sencion* (2012) 211 Cal.App.4th 480, 484, disagreed with

4

on other grounds in *People v. Gaynor* (2019) 42 Cal.App.5th 794, 809; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413–1415.) Diaz-Rondan pled no contest to six counts, but the court imposed only a $40 court operations assessment and a $30 criminal conviction assessment.

In their supplemental briefing, the parties do not dispute that the trial court incorrectly calculated the assessments under section 1465.8 and Government Code section 70373. Diaz-Rondan argues, however, that this court should not modify the judgment to impose the correct amounts for the assessments because at the time he changed his plea to no contest, he was not advised as to what fees would be imposed as a result of his change in plea. He also contends that the prosecution "acquiesced" in the imposition of a $40 court operations assessment and a $30 criminal conviction assessment by failing to object to the amounts imposed. We disagree.

The failure to impose the mandatory assessments constituted an unauthorized sentence. (*People v. Turner*, *supra*, 96 Cal.App.4th at pp. 1413–1415.) An unauthorized sentence may be corrected by an appellate court "regardless of whether an objection or argument was raised in the trial and/or reviewing court." (*People v. Welch* (1993) 5 Cal.4th 228, 235, criticized on other grounds in *People v. Bailey* (1996) 45 Cal.App.4th 926, 931; accord, *Turner*, at pp. 1414–1415.)

Further, where a mandatory fine or fee is not mentioned during plea negotiations or the plea colloquy, imposing the fine or fee does not violate the plea agreement. (See *People v. Villalobos* (2012) 54 Cal.4th 177, 183; *People v. Cruz* (2013) 219 Cal.App.4th 61, 65.) Here, there is nothing in the record to suggest that the mandatory assessments were part of the parties' plea negotiations. In any event, imposition of an additional $350 in fees is insignificant in the context of the plea bargain, which provided for the

5

possibility of a restitution fine up to $10,000, victim restitution, and a 16-year prison sentence. "A punishment or related condition that is insignificant relative to the [plea bargain as a] whole, . . . may be imposed whether or not it was part of the express negotiations." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on other grounds in *People v. Villalobos*, *supra*, 54 Cal.4th at pp. 185–186.) As such, we shall order the judgment modified to impose a $240 court operations assessment and a $180 criminal conviction assessment.

We also note that the abstract of judgment improperly identifies the statutory basis for the mandatory assessments. As mentioned, the trial court orally imposed a $30 criminal conviction assessment and a $40 court operations assessment. (§ 1465.8, subd. (a); Gov. Code, § 70373, subd. (a).) The abstract of judgment erroneously lists the $30 fee as the court operations assessment and the $40 fee as the criminal conviction assessment. Therefore, we will direct the trial court to prepare an amended abstract of judgment that reflects the correct statutory basis and amounts for the mandatory assessments. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts may order correction of clerical errors in the abstract of judgment].)

As to the balance of our *Wende* review, which is limited to post-plea issues or issues relating to the denial of a motion to suppress (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(2), (3); *People v. Hunter* (2002) 100 Cal.App.4th 37, 42), we conclude that, except as noted above, there are no meritorious sentencing issues. The trial court did not err in denying Diaz-Rondan's motion to suppress. The record does not indicate that Detective Cai intentionally or recklessly misrepresented material information in his affidavit (*People v. Miles* (2020) 9 Cal.5th 513, 576–577), and the warrant was

supported by probable cause based on the totality of the circumstances presented in the affidavit (*People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1716).  Diaz-Rondan was represented by counsel throughout the proceedings, and there are no further meritorious issues to be argued or that require briefing on appeal.

## III.   DISPOSITION

The judgment is modified to impose a $240 court operations assessment under section 1465.8 and a $180 criminal conviction assessment under Government Code section 70373.  The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified.  The amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

LANGHORNE WILSON, J.

WE CONCUR:

BANKE, ACTING P. J.

SMILEY, J.

A171102
*People v. Diaz-Rondan*