Filed 11/25/25  P. v. Tidwell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C101384 |
| v. | (Super. Ct. No. 22FE008103) |
| VERNON LAMONT TIDWELL, | |
| Defendant and Appellant. | |

Defendant Vernon Lamont Tidwell pleaded no contest to the acquisition or retention of personal identifying information from 10 or more people with the intent to defraud, and he admitted a prior strike conviction.  Under the plea agreement, the trial court would impose a sentence of four years.  It was not until after the trial court took defendant's plea that it discussed the possibility that it could increase the punishment above what was contemplated in the plea agreement, explaining that defendant would be released on a *Cruz*[1] waiver and if he did not appear at sentencing, the trial court would impose the upper term of three years in state prison, doubled to six years for the prior strike conviction.  At that point defendant agreed to the *Cruz* waiver.  Defendant

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247, 1249 (*Cruz*).

failed to appear on the date originally set for sentencing, and the trial court ultimately sentenced him to six years in prison.

Defendant now contends the trial court could not impose a more severe punishment than was contemplated in the plea agreement without first giving him an advisement of such a possibility prior to taking his plea, or without an opportunity to withdraw his plea. Finding merit in the contention, we will reverse the judgment and remand the matter to the trial court for further proceedings.

BACKGROUND

Although there was no written plea agreement, during a change of plea hearing the prosecutor articulated the terms of a plea agreement that had been reached by the parties. Defendant would plead to a violation of Penal Code section 530.5, subdivision (c)(3) [the acquisition or retention of personal identifying information from 10 or more people with the intent to defraud];[2] the parties agreed defendant would be sentenced to the middle term of two years, doubled based on a prior strike offense, for total of four years in prison; defendant would admit the prior strike conviction; and the parties would agree on a date for sentencing. The stated factual basis for the plea was that during a parole search of a vehicle defendant had been driving, officers found numerous debit and credit cards, including cards issued to other people, and on defendant's cell phone they found the personal identifying information of more than 30 people.

Prior to taking the plea, the trial court advised defendant of the consequences of the plea and defendant's rights to a trial by jury, to confront witnesses against him, to present evidence, and not to incriminate himself. It did not advise him prior to the plea that it might subsequently increase the punishment contemplated in the plea agreement,

_____

[2] Undesignated statutory references are to the Penal Code.

nor did it mention a *Cruz* waiver before taking the plea. Defendant pleaded no contest and admitted the prior strike conviction.

After the trial court took defendant's plea, the following colloquy occurred:

"THE COURT: I am going to leave you on your bond, but here's the understanding: I am going to do what is called a *Cruz* waiver. You are going to be left out on your bond, but if you don't show up at the time of your judgment and sentence or if you mess up or commit a new crime while you're out there, I will reserve the right to impose the upper term for this offense, which is three years, and then double that is six years. [¶] So, in other words, you get the four years if you don't mess up and you show up at the time of judgment and sentence. If you do mess up or you don't show up at the time of judgment and sentence, you could be sentenced to up to six years. [¶] Do you understand that, sir?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you enter a *Cruz* waiver at this time to those terms?

"THE DEFENDANT: Yes, sir."

Defendant failed to appear for the originally scheduled sentencing hearing. He was subsequently arrested, and when he appeared for sentencing, the trial court explained that the plea agreement had contemplated four years in prison, and defendant was allowed to remain on his bond pursuant to a *Cruz* waiver, on the condition that if he failed to appear, the trial court could impose six years. The People asked the trial court to sentence defendant to six years. A different defense attorney from the one at the change of plea hearing focused on mitigation and asked the trial court to impose the four-year term.

The trial court noted defendant's extensive criminal record, and after receiving a certified record of defendant's criminal history, found as an aggravating factor that defendant had served a prior prison term. The trial court imposed the upper term of three years, doubled for the prior strike conviction, for a total of six years. It offered the parties

3

an opportunity for briefing on the issue of imposing the sentence based on the *Cruz* waiver, but defendant declined the trial court's invitation for further briefing and did not object to the sentence.

DISCUSSION

Defendant contends the trial court could not impose a more severe punishment than was contemplated in the plea agreement without first giving him an advisement of such a possibility prior to taking his plea, or without an opportunity to withdraw his plea.

Section 1192.5 provides in pertinent part: "(b) When the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea. [¶] (c) If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw the plea if the defendant desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea."

The California Supreme Court addressed section 1192.5 in *Cruz, supra*, 44 Cal.3d 1247, explaining that a defendant may expressly waive the right to withdraw the plea. (*Id.*, at p. 1254, fn. 5.) But any such waiver "would have to be obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent." (*Ibid.*)

In a subsequent case, the California Supreme Court clarified that a defendant who fails to appear for sentencing does not breach the terms of the plea agreement but instead commits the separate offense of failure to appear, and thus a defendant who fails to appear does not lose the protections of section 1192.5. (*People v. Masloski* (2001)

4

25 Cal.4th 1212, 1219 (*Masloski*).) A plea agreement may validly provide for a specified greater term to be imposed if the defendant fails to appear for sentencing or fails to satisfy other terms and conditions of the agreement. (*Id.* at pp. 1223-1224.) " '[W]hen the parties themselves agree as part of the plea bargain to a specific sanction for nonappearance, the court need not permit the defendant to withdraw his or her plea but may invoke the bargained-for sanction.' " (*Id.* at p. 1222.)

In *Masloski*, the *Cruz* waiver was part of the plea agreement. (*Masloski, supra*, 25 Cal.4th at pp. 1214-1215.) Under those circumstances, the California Supreme Court concluded that when the trial court sentenced defendant to a higher term due following her failure to appear, it did so in accordance with the plea agreement, and it was not required to give the section 1192.5, subdivision (c) advisement. (*Masloski,* at p. 1223.)

The record in this case does not establish that the *Cruz* waiver was part of the plea agreement, nor does it show that when the trial court took the plea, defendant understood that an increase in punishment might be imposed for failure to appear. Under these circumstances, the trial court was required to give defendant the opportunity to withdraw his plea before it imposed the six-year term.

The People argue defendant forfeited his challenge by failing to object to the sentence. But " '[a]bsent compliance with the section 1192.5 procedure, the defendant's constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing. "Of course, there can be no waiver of a constitutional right absent 'an intentional relinquishment or abandonment of a known right or privilege.' [Citation.] No less should a court presume from mere silence that defendant is waiving implementation of the consideration that induced him to waive his constitutional rights." ' [Citation.] Thus, . . . when the trial court fails to give a section 1192.5 admonition, the defendant's failure to object at sentencing does not waive his claim on appeal." (*People v. Silva* (2016) 247 Cal.App.4th 578, 589, *quoting People v. Walker* (1991) 54 Cal.3d 1013, 1024-1025, & citing *People v. Cruz* (2013) 219 Cal.App.4th 61, 65.)

The People also argue defendant cannot raise this issue because he did not obtain a certificate of probable cause.  "A certificate of probable cause is not required if the issue on appeal arose after the entry of the plea and does not affect the validity of the plea."  (*People v. Vargas* (2007) 148 Cal.App.4th 644, 651.)  Defendant did not agree, as part of the plea agreement, to the six-year term.  That term was imposed after his plea.  Under these circumstances, a certificate of probable cause is not required.

DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for further proceedings.


             _____/S/_____
             MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
KRAUSE, J.