[No. S134883. Apr. 30, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY DAVID CRANDELL, Defendant and Appellant.

Counsel

Jonathan Grossman, under appointment by the Supreme Court, and Larry L. Dixon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Manuel M. Medeiros, State Solicitor General, Donald E. De Nicola, Deputy State Solicitor General, Robert R. Anderson and Gerald A. Engler, Assistant Attorneys General, Laurence K. Sullivan, René A. Chacón and David M. Baskind, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**WERDEGAR, J.**—The trial court imposed on defendant a restitution fine of $2,600 that had not been mentioned by the prosecutor when he recited the parties' plea agreement. Defendant contends imposition of the fine violated his plea bargain and he therefore is entitled, pursuant to *People v. Walker* (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861] (*Walker*), to have the fine reduced to the statutory minimum of $200. (See Pen. Code, § 1202.4, subd. (b)(1); *Walker*, at p. 1029.) We conclude the error that occurred in *Walker* did not occur here. Accordingly, we affirm the judgment of the Court of Appeal.

*Background*

In November 2002, defendant, armed with a .45-caliber handgun, entered an apartment and ordered its two occupants not to move. Two accomplices also entered. Defendant brandished his gun and demanded the victims' wallets; after obtaining them, he bound the victims' wrists and ankles with tape. Defendant and his accomplices then left, taking some electronic components and marijuana plants with them. A short time later, police apprehended the three, and the victims identified them as the perpetrators.

The Santa Clara County District Attorney filed a complaint charging defendant and his accomplices with two counts of first degree robbery in violation of Penal Code sections 211 and 212.5.[1] The complaint further alleged that defendant used a firearm during the commission of the robbery. (§ 12022.53, subd. (b).)

---

[1] Unlabeled section references are to this code.

Defendant and the People entered into a negotiated disposition. At the change of plea hearing in September 2003, the district attorney amended the complaint to include both victims in one count of robbery and moved to dismiss the second count. When the trial court directed the district attorney to "state the offered disposition," the district attorney responded: "As to the defendant Jeffrey David Crandell, the People have made the following offer: If he should plead no contest or guilty to Count One as amended and admit the enhancement of Penal Code Section 12022.53(b), the offer is to dismiss Count Two and the enhancement on Count Two as well. And that would be for a 13-year top bottom." A moment later, defendant's counsel responded, "Yes, your Honor," to the court's question whether defendant would accept the district attorney's offer.

"Do you understand, Mr. Crandell," the court then asked, "that the maximum time you could be sentenced to if you were convicted of this one charge at a later time or if you were to plead guilty or no contest at a later time, the maximum would be sixteen years in state prison?" Defendant said, "yes." The court continued: "The district attorney has offered that you will go to state prison, but it will be for 13 years, no more, no less. [¶] Do you understand that?" Defendant answered, "Yes, ma'am."

In further colloquy a few moments later, the trial court advised defendant of various consequences his pleading guilty or no contest would have. The court warned defendant he would "have to pay a restitution fund fine of a minimum of $200, a maximum of $10,000." The trial court also notified defendant it "could impose a general fund fine of up to $10,000." Defendant told the court he understood these things.

After additional advisements, the trial court asked defendant whether "anyone made any promises to you other than what I promised you here today in open court? [¶] And all I promised you is Mr. Crandell, 13 years in prison . . . . [¶] Has anyone made any other promises to you, Mr. Crandell?" Defendant answered, "No, ma'am." Defendant also acknowledged that he was pleading freely and voluntarily.

Immediately thereafter, the trial court amended count one as the parties had agreed and asked, "How do you plead to that charge, Mr. Crandell?" Defendant responded, "No contest." He also admitted the truth of the firearm allegation. The trial court thereupon accepted defendant's plea, finding it to

have been free and voluntary. The court did not admonish defendant on his right to withdraw the plea should the court subsequently withdraw its approval. (§ 1192.5.)

The probation officer's report on defendant's case was prepared after defendant's plea had been taken. The report recommended imposition of a $2,600 restitution fine, using the mathematical formula found in section 1202.4, subdivision (b)(2),[2] and a $2,600 parole revocation fine, pursuant to section 1202.45,[3] the latter to be suspended.

At the sentencing hearing in April 2004, defendant moved to withdraw his no contest plea, asserting he had been under the influence of prescription medication for a psychiatric disorder at the time of the plea and that the court had not fully explained to him his rights respecting the firearm enhancement allegation. Defendant's motion made no mention of the potential imposition of a restitution or parole revocation fine as recommended in the probation report.

The trial court denied defendant's motion and sentenced him to 13 years in state prison—the lower statutory term of three years for residential robbery, plus 10 years for the firearm enhancement. Consistent with the probation officer's recommendation, the court also imposed a restitution fine of $2,600.[4] Defendant's counsel argued for reducing the amount of the fine, but did not object that its imposition violated the plea agreement.

Defendant appealed on the ground the trial court violated the plea agreement by imposing the $2,600 restitution fine. A divided Court of Appeal affirmed the judgment in its entirety. We granted defendant's petition for review.

---

[2] Section 1202.4, subdivision (b)(2) provides in its entirety: "In setting a felony restitution fine, the court may determine the amount of the fine as the product of two hundred dollars ($200) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

[3] Section 1202.45 provides in its entirety: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional parole revocation restitution fine shall be suspended unless the person's parole is revoked. Parole revocation restitution fine moneys shall be deposited in the Restitution Fund in the State Treasury."

[4] The trial court also imposed, but suspended imposition of, a parole revocation fine of $2,600. The petition for review did not raise any issue respecting the parole revocation fine, and we do not address it.

*Discussion*

■ "The Supreme Court has . . . recognized that due process applies not only to the procedure of accepting the plea [citation], but that the requirements of due process attach also to the implementation of the bargain itself. It necessarily follows that violation of the [plea] bargain by an officer of the state raises a constitutional right to some remedy." (*People v. Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211], citing *Santobello v. New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 92 S.Ct. 495].)

In *Walker, supra,* 54 Cal.3d 1013, the trial court imposed a restitution fine on a defendant who had pled guilty in accordance with a plea bargain that made no mention of restitution. The probation report recommended a $7,000 restitution fine, but "the record disclose[d] no other mention of the possibility of such a fine prior to sentencing" (*id.* at p. 1019). Observing that the "consequences to the defendant [of a restitution fine] are severe enough that it qualifies as punishment for this purpose" (*id.* at p. 1024), we held that, "[a]bsent compliance with the section 1192.5 procedure [informing the defendant of the right to withdraw a disapproved plea], the defendant's constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing" (*id.* at p. 1025) when a restitution fine not bargained for is imposed.

■ In the course of deciding *Walker,* we carefully distinguished "two related but distinct legal principles" (*Walker, supra,* 54 Cal.3d at p. 1020) that may apply when a restitution fine is erroneously imposed. "The first principle concerns the necessary advisements whenever a defendant pleads guilty, whether or not the guilty plea is part of a plea bargain." (*Ibid.*) These include "both the constitutional rights that are being waived and the direct consequences of the plea." (*Id.* at p. 1022.) "The second principle is that the parties must adhere to the terms of a plea bargain. [Citation.] [¶] In any given case, there may be a violation of the advisement requirement, of the plea bargain, or of both. Although these possible violations are related, they must be analyzed separately, for the nature of the rights involved and the consequences of a violation differ substantially." (*Id.* at p. 1020.)

In *Walker,* both types of error were present. First, the trial court advised the defendant only that a $10,000 fine was "a possible consequence" when it "should have advised defendant there was a possible $10,000 penalty fine *and* a mandatory restitution fine of between $100 and 10,000." (*Walker, supra,* 54

Cal.3d at p. 1029.)[5] Second, the trial court imposed a restitution fine of $5,000 that had not been mentioned in the parties' plea bargain. (*Walker*, at p. 1019.) Under the circumstances, we held that imposition of the restitution fine constituted "a significant deviation from the negotiated terms of the plea bargain. Since the court did not give the section 1192.5 admonition [relating to the defendant's right to withdraw the plea], and this was not merely a failure to advise of the consequences of the plea, defendant cannot be deemed to have waived his rights by silent acquiescence. Nor did he waive them expressly. As harmless error analysis is not applicable, defendant is entitled to a remedy." (*Id.* at pp. 1029–1030.)

 Respecting remedies, we concluded that by not objecting to the mandatory restitution fine when it was imposed, the defendant had waived the trial court's error in failing to advise him about the fine. (*Walker, supra*, 54 Cal.3d at p. 1029.) As to the court's deviation from the plea bargain, we held that when such a "breach of the plea bargain is first raised after sentencing [as here, on appeal], the proper remedy generally is to reduce the fine to the statutory minimum [then $100], and to leave the plea bargain intact." (*Ibid.*) In reaching that conclusion, we stressed that "normally the defendant should not receive any more punishment than that bargained for" (*id.* at p. 1027, fn. 3); we allowed "the nonbargained $100 fine" to stand on appeal only because it was "statutorily mandated and . . . not significant in the context of the bargain as a whole" (*ibid.*).

In this case, only the second type of error, violation of the plea bargain, is in question. Defendant complains that imposition of a $2,600 restitution fine violated his plea bargain and that, pursuant to *Walker, supra*, 54 Cal.3d 1013, he is entitled to have the amount of the fine reduced to $200, the current statutory minimum. The majority in the Court of Appeal below rejected this view, concluding that, "after *Moser* [(*In re Moser* (1993) 6 Cal.4th 342 [24 Cal.Rptr.2d 723, 862 P.2d 723] (*Moser*))] and *McClellan* [(*People v. McClellan* (1993) 6 Cal.4th 367 [24 Cal.Rptr.2d 739, 862 P.2d 739] (*McClellan*))], *Walker* can no longer be read as establishing a categorical rule that whenever a trial court imposes a restitution fine that was not mentioned in the recitation of the plea bargain, the trial court must have violated the plea agreement."

Unlike this case, both *Moser* and *McClellan* involved misadvice. In *Moser*, we held that a defendant who has pleaded guilty after receiving inadequate or erroneous advice from the trial court with regard to the potential conse-quences of his plea generally is entitled to obtain relief only by showing he

---

[5] The minimum restitution fine, formerly stated in Government Code section 13967, subdivision (a), was $100 (Stats. 1983, ch. 1092, § 135.2, p. 3998) until in 1992 it was increased to $200 (Stats. 1992, ch. 682, § 4, p. 2922). (See now Pen. Code, § 1202.4, subd. (b)(1).)

was prejudiced by the erroneous advice. (*Moser*, *supra*, 6 Cal.4th at p. 345.) In *McClellan*, we held the defendant was not entitled to withdraw his guilty plea inter alia because the record failed to establish he would not have pled guilty if he had been advised of the mandatory sex offender registration requirement. (*McClellan*, *supra*, 6 Cal.4th at p. 370.) Neither case undermined our holding in *Walker* that imposing a discretionary restitution fine contrary to the terms of a plea bargain constitutes "a significant deviation" from the terms of the bargain (*Walker*, *supra*, 54 Cal.3d at p. 1029), for which "the proper remedy is generally to reduce the fine to the statutory minimum" (*id.* at p. 1030). Rather, in each case we found no violation of the plea bargain had occurred because the additional burdens imposed on the defendant were statutorily mandated. (*Moser*, at p. 357 [length of parole term]; *McClellan*, at pp. 379–380 [sex offender registration requirement].) As we explained in *Moser*: "Unlike the amount of the restitution fine at issue in *Walker*, the length of a parole term is *not* a permissible subject of plea negotiations. The lifetime term of parole challenged in the present case is a statutorily mandated element of punishment imposed upon every defendant convicted of second degree murder. (§ 3000.1, subd. (a).) Neither the prosecution nor the sentencing court has the authority to alter the applicable term of parole established by the Legislature." (*Moser*, at p. 357.)

By contrast, the parties to a criminal prosecution are free, within such parameters as the Legislature may establish, to reach any agreement concerning the amount of restitution (whether by specifying the amount or by leaving it to the sentencing court's discretion) they find mutually agreeable. As the Court of Appeal majority below correctly observed, "*Moser* and *McClellan* teach that the core question in every case is . . . whether the restitution fine was actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the court." When a restitution fine above the statutory minimum is imposed contrary to the actual terms of a plea bargain, the defendant is entitled to a remedy. In this case, however, because the record demonstrates that the parties intended to leave the amount of defendant's restitution fine to the discretion of the court, defendant is not entitled to relief.

As previously noted, the record reveals that the trial court, before taking defendant's plea, accurately advised him he would "have to pay a restitution fund fine of a minimum of $200, a maximum of $10,000" and ascertained that the prosecution had not made "any other promises" beyond that defendant would be sentenced to 13 years in prison.[6] These facts

---

[6] Specifically, the court before taking defendant's plea asked him, "Has anyone made any other promises to you, Mr. Crandell?" Defendant answered, "No, ma'am."

distinguish the case from *Walker*, where the court advised the defendant only that the " 'maximum penalties provided by law' " for his offense included " 'a fine of up to $10,000' " and obtained no assurance that the parties intended their plea bargain to leave the amount of the restitution fine to the court's discretion. (*Walker, supra,* 54 Cal.3d at pp. 1018–1019.)

Thus, while "the defendant in [*Walker*] reasonably could have understood the negotiated plea agreement to signify that no substantial fine would be imposed" (*Moser, supra,* 6 Cal.4th at p. 356), defendant in this case was flatly informed: "You *will* be ordered to pay restitution to the victims in this case." In light of these circumstances, it is clear that when defendant entered his plea, he could not reasonably have understood his negotiated disposition to signify that no substantial restitution fine would be imposed.

■ We reiterate our guidance in *Walker* that "[c]ourts and the parties should take care to consider restitution fines during the plea negotiations. The court should always admonish the defendant of the statutory minimum [$200] and maximum $10,000 restitution fine as one of the consequences of any guilty plea, and should give the section 1192.5 admonition whenever required by that statute." (*Walker, supra,* 54 Cal.3d at p. 1030, italics omitted.) We again encourage trial courts either to require that defendants sign a written change of plea form specifying all significant elements of the plea or, when orally taking pleas, follow an informal "script" that calls upon the parties to disclose all such for the record. " 'Where the court inadvertently omits to list or explain a significant factor, the prosecuting attorney should be alert to ensure that it is expressly brought to the defendant's attention.' To this we add that whenever possible, any error in taking the plea should be brought to the attention of the court at sentencing so that it can be addressed expeditiously." (*Ibid.*)

*Disposition*

For the foregoing reasons, the judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

**BAXTER, J.,** Concurring.—The majority correctly holds that the imposition of a $2,600 restitution fine did not violate the plea bargain, because the record makes clear the parties negotiated no term contrary to the court's action. Asked to "state the offered disposition," the prosecutor described it

clearly: Defendant would plead to a single count of robbery with use of a firearm, and would receive a sentence of 13 years, significantly below the legal maximum term he could otherwise suffer on this charge and enhancement. In turn, the People would dismiss a second robbery count, together with its related firearm enhancement.

The prosecutor mentioned no other terms. Neither defendant nor his counsel spoke up to say the prosecutor had omitted provisions or otherwise incompletely stated the agreement.

Then, before taking the plea, the court warned defendant he would "have to pay" a restitution fine between $200 and $10,000. Defendant acknowledged he understood. Neither he nor either counsel protested that the parties had agreed there would be only a minimum fine. Under such circumstances, we may readily infer the parties had made no bargain precluding the court from exercising its discretion as to the amount of the fine.

As the majority notes, the court also specifically asked defendant whether *any other promises* had been made to him, and he answered no. That dialogue obviously removed all possible doubt about the parties' intent, and it seems good practice for trial courts to include such an inquiry in their "scripts" for taking negotiated pleas. However, I do not read the majority opinion as *requiring* such a question and answer, over and above the others presented on this record, before an appellate court may find the parties did not bargain for a limited fine.

The parties have an obligation to address all subjects they deem significant to the bargain, specifically including the amount of a restitution fine. (See *People v. Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861].) They have the further obligation to state their agreement fully on the record. They should not leave trial and appellate courts guessing about missing or unstated terms. If the record does not disclose any agreement, one way or the other, on a particular subject, there is no reason to assume a term favorable to the defendant. Thus, when (1) the parties, in stating their bargain for the record, have mentioned no agreement to limit the restitution fine, (2) the court warns that it will impose such a fine, and that the amount may be anywhere in the statutory range, (3) the defendant says he understands, and (4) neither the defendant nor counsel protests that such a fine would violate the bargain, it is most sensible to assume the parties made no agreement with respect to the fine, leaving it to the law and the court's discretion upon proper advisement.

Accordingly, if a trial court has failed, for whatever reason, to ask specifically about "other promises" before imposing a substantial fine, *that fact alone* should not require an appellate court to invalidate the fine. I do not interpret the majority opinion to hold otherwise. On that basis, I join the majority's reasoning and result.

Chin, J., and Corrigan, J., concurred.