KENNARD, J., Dissenting.
Here, a criminal defendant and the prosecution entered into a plea bargain. The trial court ordered defendant to pay a $4,000 restitution fine and a $4,000 parole revocation fine, even though the plea agreement made no mention of these fines. I disagree with the majority’s holding that these fines did not violate the plea bargain.
I
Seventeen-year-old defendant Ramiro Villalobos was charged in Tulare Superior Court with attempted premeditated murder (Pen. Code, §§ 187, 664, *187 subd. (a)),[1] second degree robbery (§ 211), and assault with a deadly weapon (§ 245, subd. (a)(1)). As to each offense, the prosecution alleged as sentence enhancements that defendant inflicted great bodily injury (former § 12022.7, subd. (a)), that he used a deadly weapon (former § 12022, subd. (b)(1)), and that he committed the crime to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)).
Defendant and the prosecution entered into a plea bargain. Defendant agreed to enter a plea of no contest to attempted murder without premeditation and second degree robbery, and to admit that he committed the attempted murder to benefit a criminal street gang. In reciting to the trial court the terms of the plea bargain, the prosecutor said that defendant might have to pay “restitution,” that the crimes might result in deportation from this country, and that the crimes were strikes under the “Three Strikes” law. In return, defendant would be sentenced to a maximum of 17 years in prison, and the remaining charge and enhancements would be dismissed.
The trial court told defendant that if he went to trial and lost, he would face a possible prison sentence of 15 years to life, as opposed to no more than 17 years under the plea bargain. The court said nothing about any fine.
At the sentencing hearing, the trial court imposed a prison term of 17 years, a $4,000 “restitution fine” (§ 1202.4), and a $4,000 “parole revocation fine” (§ 1202.45), which was to be suspended if defendant successfully completed parole.[2] The court ordered that the question of victim restitution “remain open pending any future counseling and/or medical expenses.”
On appeal, defendant argued that the two $4,000 fines were not part of the plea bargain, and that therefore the trial court could have properly imposed only the statutorily mandated minimum of $200 for each of the two fines. The Court of Appeal rejected the claim. We granted defendant’s petition for review.
II
“Because a ‘negotiated plea agreement is a form of contract,’ it is interpreted according to general contract principles. [Citation.] Acceptance of *188 the agreement binds the court and the parties to the agreement.” (People v. Segura (2008) 44 Cal.4th 921, 930 [80 Cal.Rptr.3d 715, 188 P.3d 649].)
Here, when the prosecutor described defendant’s plea bargain to the trial court at the time of defendant’s no contest pleas, he made no reference to any fines. But, as indicated earlier, at sentencing the trial court imposed a $4,000 restitution fine and a $4,000 parole revocation fine. At issue is whether these fines violated the plea bargain.
Pertinent here is this court’s decision in People v. Walker (1991) 54 Cal.3d 1013 [1 Cal.Rptr.2d 902, 819 P.2d 861] (Walker). There, the plea agreement made no mention of a fine, yet the trial court imposed a restitution fine of $5,000. The defendant argued that the trial court violated the plea bargain by imposing the restitution fine. Imposition of that fine, this court held, “was a significant deviation from the negotiated terms of the plea bargain.” (Id. at p. 1029.) Rather than allowing the defendant to withdraw his plea, we directed the Court of Appeal to reduce the fine to $100, which was at that time the statutorily mandated minimum unless there was a finding of “ ‘compelling and extraordinary’ ” circumstances. (Id. at p. 1019.)
Unlike the majority, I would apply to this case the holding of Walker, supra, 54 Cal.3d 1013. The Walker rule is simple and easy to apply. Under Walker, implicit in every plea bargain is the requirement that the trial court impose only those penalties that the parties state on the record when the trial court accepts the plea bargain and the defendant enters a negotiated plea of guilty or no contest. There is one exception: Because statutorily mandated penalties can never be the subject of a plea bargain, they need not be mentioned in the bargain. Except for statutorily mandated penalties, a penalty that is not in the plea agreement may not be imposed by the trial court.
Here, the plea bargain, as described on the record of the trial proceedings, made no mention of a fine. Consequently, the parties implicitly agreed that the only fines the trial court could properly impose were a statutorily mandated $200 restitution fine and a statutorily mandated $200 parole revocation fine. The trial court agreed to these terms when it accepted the plea. Thus, under Walker, supra, 54 Cal.3d 1013, the court’s imposition of a $4,000 restitution fine and a $4,000 parole revocation fine violated the plea bargain, which made no reference to such fines.
The majority, however, refuses to apply Walker. It does so by overruling Walker. According to the majority, Walker cannot be reconciled with three later decisions of this court: The two companion cases of In re Moser (1993) 6 Cal.4th 342 [24 Cal.Rptr.2d 723, 862 P.2d 723] (Moser) and People v. McClellan (1993) 6 Cal.4th 367 [24 Cal.Rptr.2d 739, 862 P.2d 739] *189 (McClellan), and this court’s more recent decision in People v. Crandell (2007) 40 Cal.4th 1301 [57 Cal.Rptr.3d 349, 156 P.3d 364] (Crandell). I do not share the majority’s view that those three cases and this court’s earlier decision in Walker are inconsistent, as explained below.
In Moser, the petitioner entered a negotiated plea of guilty to second degree murder. The parties did not mention the subject of parole when they described the plea bargain, but when the trial court accepted the plea, it erroneously told the petitioner that his maximum period of parole would be 48 months, when the applicable statute actually mandated lifetime parole. This court held in Moser that “if ... the subject of parole was not encompassed by the parties’ plea negotiations, imposition of the statutorily mandated term of parole would not constitute a violation of the parties’ plea agreement . . .” (Moser, supra, 6 Cal.4th at p. 357), and ordered the matter remanded to the trial court to determine whether the length of parole had been discussed in the plea negotiations (id. at p. 358). In the companion case of McClellan, the defendant entered a negotiated plea of guilty to assault with intent to rape, a crime requiring lifetime registration as a sex offender, a consequence of the plea that the trial court failed to mention to the defendant. This court held that because the registration requirement was statutorily mandated, it was “not a permissible subject of plea agreement negotiation” (McClellan, supra, 6 Cal.4th at p. 380) and its imposition did not violate the plea bargain (id. at p. 381).
Moser, supra, 6 Cal.4th 342, and McClellan, supra, 6 Cal.4th 367, are not inconsistent with this court’s 1991 decision in Walker, supra, 54 Cal.3d 1013. Moser deals with a trial court’s misadvisement to the defendant of a statutorily mandated penalty, where it is not clear from the record whether the penalty in question was the subject of plea negotiations. McClellan simply holds that because statutorily mandated penalties can never be part of a plea bargain, the trial court can at sentencing impose such penalties even if they were not mentioned in the plea bargain. In Walker, by contrast, the trial court imposed a $5,000 restitution fine that was not part of the plea bargain, only $100 of which was statutorily mandated. Thus, Walker’s holding that only the statutorily mandated fine could be imposed is consistent with Moser and McClellan.
Nor is there any inconsistency between Walker, supra, 54 Cal.3d 1013, and this court’s later decision in Crandell, in which the defendant entered a negotiated plea of no contest to a robbery charge. The plea bargain made no mention of any fine. But, before accepting the defendant’s plea, the trial court warned the defendant that he would have to pay a restitution fine of between $200 (the statutory minimum) and $10,000 (the statutory maximum). The trial court later imposed a restitution fine of $2,600. This court held that, because the trial court had expressly told the defendant that at sentencing it *190 might impose a fine of up to $10,000, the imposition of a $2,600 fine did not violate the plea bargain. (Crandell, supra, 40 Cal.4th at p. 1310.) By contrast, the trial court in Walker, supra, 54 Cal.3d 1013, did not, before accepting the plea bargain, advise the defendant that at sentencing the court might impose a restitution fine. Thus, no inconsistency appears between the two decisions.
For the reasons given above, I would not overrule this court’s 1991 decision in Walker, 54 Cal.3d 1013. Applying Walker to this case, I conclude that the trial court here violated the plea bargain by imposing the $4,000 restitution fine and the $4,000 parole revocation fine, neither of which was encompassed in the plea agreement. I would therefore reverse the Court of Appeal, which affirmed the trial court’s judgment.

 All statutory citations are to the Penal Code.

 Both the prosecutor (when describing the plea bargain) and the trial court (when describing the consequences of defendant’s no contest pleas) said that defendant might have to pay “restitution.” But “restitution” is not the same as a “restitution fine,” which the trial court here ordered defendant to pay. “Restitution” is money paid to the victim or victims to compensate for losses attributable to a defendant’s conduct (see § 1202.4, subd. (f)); a “restitution fine” is money paid to the state that is deposited into the Restitution Fund in the State Treasury (see § 1202.4, subd. (e)).