Filed 9/18/14  P. v. Friend CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RYAN MATTHEW FRIEND,<br><br>        Defendant and Appellant. | A139295<br><br>(Humboldt  County<br>Super. Ct. No. CR1301606) |

In return for a three-year prison term, defendant Ryan Matthew Friend pleaded guilty to one count of felony possession of methamphetamine in jail and admitted the offense constituted a violation of probation.  The court included a penal fine of $600 in the sentence.  Defendant now argues that this fine must be stricken.  Defendant, however, was informed and acknowledged that a penal fine of up to $10,000 and a restitution fine of up to $10,000 were possible consequences of his plea.  We affirm.

## I. BACKGROUND

We dispense with a recitation of the facts underlying defendant's offense, as they are irrelevant to the disposition of this appeal.

Defendant was charged with possession of methamphetamine in a jail facility (Pen. Code,[1] § 4573.6) (count 1), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) (count 2).

---

[1]     All further undesignated statutory references are to the Penal Code.

1

Defendant entered into a negotiated plea agreement wherein he agreed to plead guilty to count 1 in exchange for the dismissal of the remaining count. It was further agreed that if defendant did not receive probation that there would be a three-year cap on any imprisonment. At the change of plea hearing in April 2013, defendant stated that he understood the agreement. The court warned defendant that the maximum financial penalty for unauthorized possession of a controlled substance in jail "is a fine of up to $10,000; restitution fine of no less than [$]280 and no more than $10,000 . . . [¶] Do you understand that?" Defendant answered, "Yes, sir."

After additional advisements, the trial court asked defendant whether "anyone promised you anything other than that which has been stated here in open court to get you to enter your plea and admission?" Defendant answered, "No, sir." Defendant also acknowledged that he was pleading freely and voluntarily.

The probation officer's report was prepared after defendant's plea had been taken. The probation report recommended imposition of a $600 court fine pursuant to section 672.[2]

At the sentencing hearing in May 2013, the trial court denied probation and sentenced defendant to three years in prison. Consistent with the probation officer's recommendation, the court imposed, among other things, a court fine of $600. Defendant did not object that the $600 fine violated the plea agreement.

## II. DISCUSSION

As an initial matter, defendant has not forfeited his argument on appeal. Absent compliance with the section 1192.5—informing the defendant that the court may withdraw its approval of the plea, and if it does so, the defendant may withdraw the plea—the defendant's "constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing." (*People v. Walker* (1991) 54 Cal.3d 1013, 1025

---

[2] Section 672 provides as follows: "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

(*Walker*).)  Here, the trial court failed to provide this admonition.  Proceeding to the merits, we address defendant's claim and find that it, nevertheless, fails.

When a defendant enters a plea pursuant to a plea bargain, the "punishment may not significantly exceed that which the parties agreed upon."  (*Walker, supra,* 54 Cal.3d at p. 1024.)  This rule applies to fines.  (*Ibid.*)  In forming the plea agreement, however, the parties may elect to fix the amount of prison time to be served while leaving the amount of any applicable fines to the court's discretion.  (See *People v. Crandell* (2007) 40 Cal.4th 1301, 1309-1310 (*Crandell*); *People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1384 (*Dickerson*) [criminal defendants may negotiate "whatever bargains appear to be in their best interests, including leaving the imposition of fines to the discretion of the sentencing court"].)  In that situation, the defendant has no grounds for claiming that the fine imposed by the court exceeded the punishment contemplated by the agreement.  (*Crandell, supra,* 40 Cal.4th at pp. 1309-1310.)  When a fine is challenged as exceeding the agreed upon punishment the " 'core question in every case is . . . whether the . . . fine was actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the court.' "  (*Id.* at p. 1309.)

Here, when taking defendant's plea, the trial court warned defendant that the "maximum financial penalty is a fine of up to $10,000."  Defendant verbally confirmed that he understood this penalty.  The probation report also alerted defendant that he was required to pay a $600 court fine pursuant to section 672.  (See *Dickerson, supra,* 122 Cal.App.4th at p. 1385 [non-bargained for fines did not violate plea agreement, in part because probation report warned defendant of such possible fines].)  In light of these admonitions, defendant could not "reasonably could have understood the negotiated plea agreement to signify that no substantial fine would imposed."  (*In re Moser* (1993) 6 Cal.4th 342, 356 discussing *Walker, supra,* 54 Cal.3d 1013.)

Further, as part of the plea colloquy the court also asked defendant: "[H]as anyone promised you anything other than that which has been stated here in open court to get you to enter your plea and admission?"  Defendant denied receiving any such promises.  This statement, given after the court warned defendant that he could be subject to $10,000 in

fines, demonstrates that fines were *not* negotiated as part of the plea. (See *Crandell, supra,* 40 Cal.4th at pp. 1309-1310 [statement that defendant received no promises beyond term of imprisonment implied fines were left up to discretion of court].) Rather, the record suggests that the parties focused on the term of imprisonment, and left the question of fines up to the trial court's discretion.

Nevertheless, relying on *Walker, supra,* 54 Cal.3d 1013, defendant insists that the imposition of the $600 court fine exceeded the punishment specified in the plea bargain. Defendant's reliance on *Walker* is misplaced.

In *Walker, supra,* 54 Cal.3d 1013, the trial court imposed a restitution fine on a defendant who had pled guilty in accordance with a plea bargain that made no mention of restitution. Although the probation report recommended a $5,000 restitution fine, "the record disclose[d] no other mention of the possibility of such a fine prior to sentencing" (*id.* at p. 1019). Our supreme court held that the unanticipated fine "was a significant deviation from the negotiated terms of the plea bargain." (*Id.* at p. 1029.)

In the course of deciding *Walker,* the court carefully distinguished "two related but distinct legal principles" (*Walker, supra,* 54 Cal.3d at p. 1020) that may apply when a restitution fine is erroneously imposed. "The first principle concerns the necessary advisements whenever a defendant pleads guilty, whether or not the guilty plea is part of a plea bargain." (*Ibid.*) These include "both the constitutional rights that are being waived and the direct consequence of the plea." (*Id.* at p. 1022) "The second principle is that the parties must adhere to the terms of a plea bargain. [Citation.] [¶] In any given case, there may be a violation of the advisement requirement, of the plea bargain, or of both. Although these possible violations are related, they must be analyzed separately, for the nature of the rights involved and the consequences of a violation differ substantially." (*Id.* at p. 1020.)

In *Walker,* both types of error were present. First, the trial court advised the defendant only that a $10,000 fine was "a possible consequence" when it "should have advised defendant there was a possible $10,000 penalty fine *and* a mandatory restitution fine of between $100 and 10,000." (*Walker, supra,* 54 Cal.3d at p. 1029.) Second, the

trial court imposed a restitution fine of $5,000 that had not been mentioned in the parties' plea bargain. (*Walker, supra,* 54 Cal.3d at p. 1019.) Under the circumstances, the court held that imposition of the restitution fine constituted "a significant deviation from the negotiated terms of the plea bargain. Since the court did not give the section 1192.5 admonition [relating to the defendant's right to withdraw the plea], and this was not merely a failure to advise of the consequences of the plea, defendant cannot be deemed to have waived his rights by silent acquiescence. Nor did he waive them expressly." (*Id.* at pp. 1029-1030.)

In this case, only the second type of error, violation of the plea bargain, is in question. Defendant complains that imposition of a $600 court fine violated his plea bargain and that, pursuant to *Walker, supra,* 54 Cal.3d 1013, he is entitled to have the amount stricken.

Here, unlike in *Walker,* the trial court specifically advised defendant there was a possible penalty fine up to $10,000, as well as restitution fine of between $280 and $10,000. (See *Walker, supra,* 54 Cal.3d at p. 1029 [advisement that $10,000 fine was possible consequence was inadequate; "court should have advised defendant there was a possible $10,000 penalty fine *and* a mandatory restitution fine of between $100 and $10,000"].) Similarly distinguishable is the fact that the trial court in the instant case "ascertained that the prosecution had not made 'any other promises' beyond that defendant would be sentenced to [a specified term] in prison." (*Crandell, supra,* 40 Cal.4th at p. 1309.)

Moreover, in *People v. Villalobos* (2012) 54 Cal.4th 177 (*Villalobos*), the California Supreme Court "clarifie[d] the default rule when neither the parties nor the trial court mentions restitution fines in the context of a plea bargain." (*Id.* at p. 186.) The court explained that reading *Walker* to suggest that mere silence concerning a statutorily mandated punishment indicates a defendant could reasonably understand that no substantial fine would be imposed cannot be reconciled with subsequent California Supreme Court authority, particularly *Crandell.* (*Villalobos, supra,* 54 Cal.4th at p. 183-185.) Discussing *Crandell,* the court explained that " ' "the core question in every case is

5

. . . whether the restitution fine was actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the court" ' [Citation.]" (*Villalobos, supra,* at p. 185.)  Thus, *Villalobos* overruled *Walker* to the extent it suggests that the mere silence of the parties and the trial court provides a basis for a defendant's belief that his plea agreement excluded imposition of a substantial fine.  (*Villalobos,* at p. 183.)

Although *Villalobos* addressed a mandatory restitution fine, the rule has been applied to mandatory penal fines.  (See *People v. Cruz* (2013) 219 Cal.App.4th 61, 65-66 [*Villalobos* equally applicable to mandatory Vehicle Code § 23560 penal fine].)  Here, defendant contends this rule does not apply because the felony fine at issue is discretionary.  According to defendant, silence as to a discretionary fine is consistent with showing that such a fine was not negotiated as part of the plea and, as such, the "fine was not intended to be 'specified in the plea agreement,' and therefore is not permitted."  We disagree.

Of course, although the felony fine set forth in section 672 is discretionary, we fail to see this fact as being dispositive.  As noted *ante*, section 672 provides that "[u]pon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

"The language used in section 672 demonstrates that it was meant to provide a fine for offenses for which another statute did not impose a fine.  In other words, this is a catchall provision allowing a fine to be imposed for every crime, even if the statute criminalizing the conduct did not specifically authorize a fine."  (*People v. Breazell* (2002) 104 Cal.App.4th 298, 304.)

That the fine imposed under section 672 was discretionary does not obviate consideration of " ' the core question'" of whether the fine was "actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the

6

court." ' "  (*Villalobos, supra,* 54 Cal.4th at p. 185.)  As *Villalobos* explains "where the parties have not mentioned the amount of the fine during the plea negotiation, and where the trial court has not threatened or promised any particular amount of fine during the plea colloquy, the amount of the fine is not part of the plea agreement, and the trial court is free to impose a fine within the statutory range.  Absent an expressly negotiated term in the plea bargain concerning the fine, [there is] no basis to conclude that imposition of a fine within the statutory range constitutes more punishment than what the defendant bargained for."  (*Villalobos, supra,* 54 Cal.4th at p. 184.)

Thus, applying *Villalobos, supra,* 54 Cal.4th 177 to the instant case, a section 672 felony fine is analogous to the amount of a restitution fine above the minimal amount, and the parties are free to reach any agreement concerning the amount of the fine they find mutually agreeable.  (*Crandell, supra,* 40 Cal.4th at p. 1309.)

In sum, because the amount of the penal fine was neither made part of defendant's plea agreement nor otherwise specified in the plea colloquy, it was left to the trial court's discretion.  (See *Villalobos, supra,* 54 Cal.4th at pp. 181, 184-185, *People v. Cruz, supra,* 219 Cal.App.4th 61, 65-66.)  Accordingly, we conclude the trial court did not violate the terms of the plea agreement by imposing a $600 felony fine.  No modification of the judgment is warranted.

7

## III. DISPOSITION

The judgment is affirmed.

                             _____

                             REARDON, J.

We concur:

_____

RUVOLO, P. J.

_____

RIVERA, J.