Filed 5/27/22  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094085 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2002403) |
| v. | |
| SHAWN MICHAEL JONES, | |
| Defendant and Appellant. | |

Defendant Shawn Michael Jones entered a negotiated plea of no contest to five sex-related offenses against five minors.  He was sentenced to the stipulated prison term of 14 years eight months.  Defendant contends on appeal the trial court erred in imposing a restitution fine of $4,200 pursuant to Penal Code section 1202.4, subdivision (b), after he agreed in his written plea agreement to a restitution fine of only $300.[1]  The People concede that defendant is entitled to the relief he seeks.

---

[1] Further undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

The facts underlying defendant's crimes are not relevant to the issue on appeal. It suffices to say that defendant pled no contest to one count of lewd acts upon a minor under the age of 14, by way of force, violence, duress, menace, or threat (§ 288, subd. (b)(1)—count II); three counts of lewd acts upon a minor under the age of 14 (§ 288, subd. (a)—counts V, VI & VII); and one count of lewd acts upon a 14- or 15-year-old child who was at least 10 years younger than defendant (§ 288, subd. (c)(1)—count VIII). As part of his plea agreement, defendant agreed to pay a $300 restitution fine to the "Victim Restitution Fund." During his plea hearing, and in apparent response to the probation department's recommendation of a $4,200 restitution fine, defense counsel asked the court to impose "reduced restitution fines given [his] client's indigent status." At no time during the hearing was defendant given a section 1192.5 admonition.[2] In exchange for his plea, defendant was promised a prison term of 14 years eight months, and the remaining counts were dismissed.

At the sentencing hearing before a second judge, defendant was sentenced to the stipulated prison term of 14 years eight months, computed as follows: On count II, the upper term of 10 years was imposed; on counts V and VI, two years consecutive was imposed for each count; on count VII, a three year concurrent term was imposed; and on count VIII, an eight month consecutive term was imposed. Additionally, a restitution fine of $4,200 was imposed pursuant to section 1202.4, subdivision (b), as well as a corresponding parole revocation fine of $4,200 pursuant to section 1202.45, which was stayed pending successful completion of parole. The court reasoned: "The Court

---

[2] In pertinent part, the admonition states: "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw the plea if the defendant desires to do so." (§ 1192.5, subd. (c).)

observes that the defense has requested a lower restitution fine in this case. I'm observing that the defendant has a limited ability to earn wages while in the Department of Corrections and in the future. Given the gravity of the offense, the severity of the conduct and the numerous victims whose lives have been affected by the defendant, the Court will follow the recommendation of the Probation Department and impose $4,200 as a restitution fine. This goes to benefit the victims of violent crime in the state of California. [¶] . . . [¶] . . . I don't believe a $300 restitution fine would be appropriate." Restitution to the victims was expressly reserved by the court in accordance with the plea agreement, as was the issue of restitution to the California Victim Compensation Board.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant contends on appeal the imposition of $4,200 restitution fine violated his plea agreement. The People agree.

Plea bargaining is "any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, in exchange for any promises, commitments, concessions, assurances, or consideration by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant." (§ 1192.7, subd. (b).) Our Supreme Court has held, "[b]ecause a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citations.] Acceptance of the agreement binds the court and the parties to the agreement." (*People v. Segura* (2008) 44 Cal.4th 921, 930.) " '[T]he core question in every case is . . . whether the restitution fine was actually negotiated and made a part of the plea agreement, or whether it was left to the discretion of the court.' When a restitution fine above the statutory minimum is imposed contrary to the actual terms of a plea bargain, the defendant is entitled to a remedy." (*People v. Crandell* (2007) 40 Cal.4th 1301, 1309.)

3

Here, the written plea agreement set the restitution fine pursuant to section 1202.4, subdivision (b) at $300. The court deviated from this agreement when it imposed the $4,200 fine. While defense counsel requested a reduced fine at the time of sentencing and this may suggest that the amount of the fine was still negotiable, the court did not advise defendant of his right to withdraw his plea if the court diverged from the terms of the plea agreement. Accordingly, we conclude defendant has not forfeited his claim on this appeal, and the section 1202.4, subdivision (b) restitution fine should be reduced to $300 in accordance with the plea agreement. (*People v. Soria* (2010) 48 Cal.4th 58, 65, fn. 6 [defendants are free to negotiate the amount of restitution fines as part of their plea bargains].) While defendant did not specifically raise the issue in his briefing, the corresponding section 1202.45 suspended parole revocation fine should be reduced to $300 as well.

## III.  DISPOSITION

The judgment is modified to reflect a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 suspended parole revocation fine (§ 1202.45). The clerk of the superior court is directed to prepare an amended abstract of judgment reflecting these modifications and forward a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

/S/

---
RENNER, J.


We concur:

/S/

---
ROBIE, Acting P. J.

/S/

---
DUARTE, J.

4