Filed 2/23/23  P. v. Birdsell CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL M. BIRDSELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B320387<br>(Super. Ct. No. 21CR07906)<br>(Santa Barbara County) |

Appellant Daniel M. Birdsell pleaded guilty to one count of voluntary manslaughter (Pen. Code, § 192, subd. (a)[1]) and admitted that he personally and intentionally discharged a firearm (§ 12022.5, subd. (a)).  The prosecutor dismissed a murder charge in exchange for his plea.  Birdsell agreed to an aggregate sentence of 15 years in state prison.  The trial court imposed a $10,000 restitution fine at sentencing.  Birdsell maintains that the fine violates the plea agreement.  We affirm the judgment.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

FACTUAL AND PROCEDURAL BACKGROUND

Birdsell shot his stepbrother, Jordan Savard, during an argument outside the family home in Lompoc. Savard died on the way to the hospital. Police arrested Birdsell the next day as he debarked a train in Oceanside. The People charged him with one count of murder with a firearm enhancement (§§ 187, subd. (a), 12022.5, subd. (a).) Birdsell later agreed to plead guilty to voluntary manslaughter (§ 192, subd. (a)). He also agreed to admit the firearm allegation and accept an aggregate prison term of 15 years.

Section 2.f. of the parties' form plea agreement is titled "Restitution, Statutory Fees, and Assessments." It lists nine categories of restitution and other post-conviction assessments, each preceded by a space into which parties can place a check mark and insert a dollar amount.[2] The parties checked only the

_____

[2] Section 2.f. states as follows: "f. Restitution, Statutory Fees, and Assessments [¶] I understand that the court will order me to pay the following amounts (if an amount is not yet known, 'TBD' for 'to be determined' is entered next to the $); I must prepare financial disclosure statements to assist the court in determining my ability to pay; and refusal or failure to prepare the required financial disclosure statements may be used against me at sentencing: [¶]

1. ___ $ ___ to the Victim Restitution Fund
2. ___ $ ___ restitution to actual victims
3. ___ $ ___ restitution to the State of California, Victims of Crime Fund
4. ___ $ ___ court operations assessment
5. ___ $ ___ court facilities assessment
6. ___ $ ___ base fine plus any applicable penalties, assessments, and surcharges
7. ___ $ ___ other (specify): _____
8. ___ $ ___ other (specify): _____

seventh category, "Other," and inserted "TBD" as the amount. The plea agreement states nothing else about the monetary component of Birdsell's sentence.

Birdsell appeared at his preliminary hearing and entered his changed plea. The People did not raise the issue of restitution or any other assessment during its plea colloquy with appellant. The trial court accepted the plea and scheduled the case for sentencing.

The trial court sentenced Birdsell to 15 years in state prison and imposed a restitution fine of $10,000, the maximum permitted by statute. It denied defense counsel's request to lower the fine pursuant to *People v. Duenas*.[3] Birdsell appealed the restitution order.

## DISCUSSION

Birdsell contends the trial court violated the plea agreement when it imposed the maximum restitution fine. The minimum restitution fine for a felony conviction is $300 and the maximum is $10,000. (§ 1202.4, subd. (b)(1).) "[T]he parties to a criminal prosecution are free . . . to reach any agreement concerning the amount of restitution (whether by specifying the amount or by leaving it to the sentencing court's discretion) they find mutually agreeable." (*People v. Crandell* (2007) 40 Cal.4th 1301, 1309 (*Crandell*).) The fine imposed by the trial court may

___

9. ___ $ ___ An (additional) amount to be determined by the court at sentencing or such other hearing as the court may set."

[3] *People v. Dueñas* (2019) 30 Cal.App.5th 1157 holds that the trial court must stay execution of a restitution fine unless or until the prosecutor demonstrates the defendant's ability to pay. Appellant does not invoke *Dueñas* in this appeal.

3

not significantly exceed the agreed amount.  (*People v. Villalobos* (2012) 54 Cal.4th 177, 182 (*Villalobos*), quoting *People v. Walker* (1991) 54 Cal.3d 1013, 1024 ["'both parties, including the state, must abide by the terms of [a plea] agreement'"].)

The People assert Birdsell waived any plea violation error by failing to object at sentencing.  We disagree.  A defendant may raise this issue for the first time on appeal where, as here, the trial court did not advise Birdsell of the right to withdraw his plea pursuant to section 1192.5, subdivision (c).  (*Villalobos*, *supra*, 54 Cal.4th at p. 182.)

Birdsell argues that leaving the "Victim Restitution Fund" category blank on the plea form meant the parties intended the court to impose the *minimum* fine.  We decline to infer intent from their silence.  (See *Villalobos*, *supra*, 54 Cal.4th at p. 183 ["[M]ere silence by the parties and trial court concerning a statutorily mandated punishment does not make exclusion of the punishment a negotiated term of a plea agreement"].)  The record leaves no clue whether the parties contemplated a precise fine during their negotiations.  They did not refer to restitution during the plea colloquy or at any time before Birdsell received his sentence.  And contrary to Birdsell's claim, inserting "TBD" into the "Other" category on the plea form suggests the parties intended to leave the amount to the court's discretion.

Consequently, the court could impose a fine above the minimum so long as it considered the statutory factors. (§ 1202.4, subd. (d).)   The court cited the seriousness of Birdsell's offense and the decision of the victim's family not to seek a separate restitution order as factors supporting the maximum fine.   The transcript of proceedings confirms it did so.

Birdsell also contends the court should have advised him that pleading guilty would result in a restitution fine between $300 and $10,000.  We agree with him.  (See *People v. Walker*,

4

*supra*, 54 Cal.3d at p. 1030 [trial courts "should always admonish the defendant of the statutory minimum [$300] and maximum $10,000 restitution fine as one of the consequences of *any* guilty plea, and should give the section 1192.5 admonition whenever required by that statute"]; accord, *Crandell, supra*, 40 Cal.4th at p. 1310; *Villalobos, supra*, 54 Cal.4th at p. 185.)  The court's failure to properly advise Birdsell about the statutory range of fines, however, speaks nothing of whether the parties negotiated a specific amount within that range.  (See *Villalobos*, at p. 185 ["a trial court's advisement error does not mean that imposition of a substantial fine violates a plea agreement. . . . [A]dvisement error and violation of a plea bargain are two different things"].)

DISPOSITION

Judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P.J.

YEGAN, J.

5

Von N. Deroian, Judge

Superior Court County of Santa Barbara

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.