Filed 6/11/25  P. v. Street CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ANTHONY STREET,<br><br>        Defendant and Appellant. | A172401<br><br>(Solano County Super. Ct. No. VCR231638) |

Daniel Anthony Street appeals from a judgment sentencing him to a term of 15 years to life in prison following his plea of no contest to one count of second degree murder.  His appointed counsel on appeal has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed Street of his right to file a supplemental brief but he has not done so.  Having conducted an independent review of the record, we conclude that there are no meritorious issues to be argued on appeal.

### BACKGROUND

Street was charged by amended information with one count of murder (Pen. Code,[1] § 187, subd. (a)).  He pled no contest to

---

[1] All undesignated statutory references are to the Penal Code.

second degree murder in exchange for a maximum sentence of 15 years to life. The following "confession and stipulation to factual basis" was submitted in connection with his plea: "I, Daniel Anthony McKeever Street, do hereby confess and stipulate, under penalty of perjury, to the following facts: [¶] I was not the actual killer of Darryl Huckaby. I did not shoot him, someone else did. However, I admit that I was an aider and an abettor in Mr. Huckaby's murder, and further admit that I was a major participant in the murder, acting with reckless indifference to human life. I acted with malice aforethought in aiding and abetting the actual killer of Mr. Huckaby."

Street's signed plea form indicates that restitution would be "reserved." In taking his plea, the court advised Street: "We're going to reserve restitution, which means that restitution—an amount may be submitted. If it is imposed or requested, you have the right to have a hearing to make sure it is both reasonable and related to the offense for which you are convicted."

Consistent with the negotiated agreement, Street was sentenced to a term of 15 years to life in prison. Over Street's objection based on ability to pay, the court imposed a $3000 restitution fine under section 1202.4, subdivision (b), and imposed and stayed a $3000 probation revocation fine under section 1202.45. The court continued to reserve jurisdiction over victim restitution.

Street's notice of appeal indicates that he is challenging both his sentence and the validity of his plea, the second of which

required that he obtain a certificate of probable cause.[2]  His request for a certificate of probable cause reads, "Imposition of a $3000 restitution fine constitutes a more severe punishment tha[n] was negotiated for as per the plea agreement. It was not stipulated in the plea agreement.  A restitution fine, like any other penal consequence, may not be imposed on a plea-bargain participant where it was not included in the negotiated agreement.  Only the statutory minimum fine amount should have been imposed."  The request for certificate of probable cause was granted.

## DISCUSSION

Street was represented by counsel throughout the proceedings and the record reflects that his plea was knowing and voluntary.

Contrary to the assertion in Street's request for certificate of probable cause, the court did not violate the terms of the plea agreement by imposing a $3000 restitution fine.  The plea form generally indicated that restitution was reserved and the court reiterated that term before taking Street's plea.  (See *People v. Crandell* (2007) 40 Cal.4th 1301, 1309 [imposing restitution fine greater than statutory minimum does not violate plea agreement where the record demonstrates "that the parties intended to leave the amount of defendant's restitution fine to the discretion

---

[2] Street's notice of appeal, signed and mailed from prison within 60 days of entry of judgment but not received and filed by the trial court until after the time for appeal had lapsed, is timely under the "prison-delivery rule." (*In re Chavez* (2003) 30 Cal.4th 643, 659.)

of the court"].) To the extent the court's oral advisement regarding restitution failed to, as it should have, "warn of the imposition of a restitution fine, with specific mention of the statutory minimum and maximum amounts," the California Supreme Court has made clear that "a trial court's advisement error does not mean that imposition of a substantial fine violates a plea agreement." (*People v. Villalobos* (2012) 54 Cal.4th 177, 185.) "[F]ailure to address the amount of a restitution fine in plea negotiations or during the plea colloquy does not transform imposition of such a fine into a violation of the plea agreement. Instead, where neither the parties nor the trial court has specified the fine amount in the context of a plea bargain, '[t]he restitution fine shall be set at the discretion of the court . . . .' " (*Id*. at pp. 185–186.) Because no specific amount of fine was expressly negotiated or otherwise made a part of the plea agreement, it cannot be said that the $3,000 restitution fine and $3,000 parole revocation fine imposed more punishment than defendant bargained for.

Nor did the court abuse its discretion in selecting the amount of the fine. While defense counsel sought the minimum fine based on Street's inability to pay and the prosecution sought the maximum fine "given the gravity of the offense," the probation department recommended a middle range fee of $4,500. The amount ultimately imposed by the court is not unreasonable under these circumstances.

Finally, we note that although Street's notice of appeal indicated that he intended to challenge the validity of his plea

4

and he obtained a certificate of probable cause, his request for certificate of probable cause did not provide a basis for challenging the validity of his plea. It did not indicate a desire to withdraw his plea based on any misunderstanding regarding the restitution fine nor did it assert that he would not have entered the plea had he been properly advised regarding the restitution fine. Insofar as Street did not submit supplemental briefing to that effect, his challenge to the validity of the plea has been waived.

Accordingly, we affirm the judgment.[3]

**DISPOSITION**

The judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

---

[3] In a petition for habeas corpus denied by this court in April 2025, Street suggested that he was "sentenced to lifetime parole" in violation of section 3000.01. Although he has not reasserted this claim in the present appeal, we note that the length of his period of parole will be determined at the time such parole may be granted based on the statutes in effect at that time. (See *People v. Tan* (2021) 68 Cal.App.5th 1, 4–6.) To the extent he may have been improperly advised that he would be subject to lifetime parole as a result of his plea, the error clearly would not be prejudicial.